GEORGE Y. BAST, Respondent, *v.* F. H. KETCHUM, Appellant.

### March 26, 1878.

In a proceeding before a justice of the peace to recover possession of leased premises, under the Landlord and Tenant Act, in the city of St. Louis, the fact that the justice before whom the suit was brought was a justice of the ward in which the property was situated, or in an adjoining ward, being an essential jurisdictional fact, will not, on appeal, be presumed, but must appear from the complaint, or from other papers in the case.

APPEAL from St. Louis Circuit Court.
*Reversed and dismissed.*
MARSHALL & BARCLAY, for appellant.
DRYDEN & DRYDEN, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is a proceeding brought originally before a justice of the peace, on Jan. 26, 1876, to recover rent and the possession of leased premises, under the Landlord and Tenant Act. The premises are described in the affidavit as " a certain two-story brick building, situated and being No. 1505 Gratiot Street, in the Fourth Ward, in the city of St. Louis, St. Louis County," etc. The summons recites the filing of

an affidavit before " the undersigned, a justice of the peace within and for the county of St. Louis," and commands the defendant to appear " before the undersigned justice, at his office in St. Louis Township," etc. The defendant was served, and a change of venue was taken to the court of another justice of the peace, before whom the plaintiff recovered judgment by default. In the court below, the defendant moved to dismiss the case for insufficiency of the complaint, etc. An amended statement was then filed by leave ; and the defendant refusing to further appear, judgment was given for the plaintiff.

The material part of the section of the act referred to, as it read when this proceeding was brought, is as follows : " Whenever any rent has become due and payable, and payment has been demanded by the landlord or his agent from the lessee or person occupying the premises, and payment thereof has not been made, the landlord or his agent may file a statement, verified by affidavit, with any justice of the peace in the township in which the property is situated (or if the same shall be in the city of St. Louis, then with any justice of the peace in the ward in which the property is situated, or in any adjoining ward), setting forth," etc. It appears from the affidavit in what ward the premises were situated ; but it does not appear, either from the affidavit or from any of the papers in the case, that the justice before whom the proceeding was brought was a justice of the peace in the ward in which the property was situated, or in any adjoining ward. The present is not an ordinary suit brought before a justice, but a special and summary proceeding, and must be governed by the rules which have repeatedly been declared applicable to such proceedings. *Schultheis* v. *Nan*, 4 Mo. App. 592, and cases cited. It serves no purpose to show that the premises are in a particular ward, if it be left wholly uncertain whether the justice was in a part of the county remote from that ward. We may suppose a case of an action of this kind brought

to recover the possession of premises in a given ward, before a justice of the peace whose location was neither in the same ward nor in any adjoining ward. In such case, the record might show as much as the present record shows, — that is, the location of the premises ; yet the fact would be that the justice had no jurisdiction. In order to accomplish the purpose of the law, all the essential elements that go to make up the jurisdiction must appear ; and this court cannot any more presume that a particular justice was located in a given ward, than it can that particular premises were there. Wag. Stat. 802, and Act of March 17, 1870, p. 803.

Other points are raised in the case, but as the above is decisive, they need not be noticed. The judgment must be reversed and the proceeding dismissed. All the judges concur.