THOMAS ALLEN, Appellant, *v.* HENRY SCHARRINGHAUSEN ET AL., Respondents.

### January 13, 1880.

1. A justice's jurisdiction must, on appeal, appear from the papers in the case.
2. Courts will not take judicial notice of the locality of the justice's office.
3. Courts will not take judicial notice that a particular number on a certain street is in a given ward or district of a city.

APPEAL from the St. Louis Circuit Court.

*Cause dismissed.*

W. R. DONALDSON and T. K. SKINKER, for the appellant.

LOUIS A. STEBER and JOHN MCGAFFEY, for the respondents, cited : *Bast* v. *Ketchum,* 5 Mo. App. 433 ; *O'Fallon* v. *Rodrigues,* 6 Mo. App. 576 ; *Haggard* v. *Railroad Co.,* 63 Mo. 302.

BAKEWELL, J., delivered the opinion of the court.

This was a summary proceeding before a justice to recover rent or possession, under the act concerning land-lords and tenants. The premises are described in the affidavit as being in the Third District of the city of St. Louis, at the intersection of Russell and Jefferson Avenues, and in block 67 of Allen's Addition. But there is nothing in any paper in the case to show that the justice was a justice in that ward or district, or in any adjoining ward or district. The summons directs the defendants to appear before the justice at his office in St. Louis Township, and is signed, "Charles Picker, Justice of the Peace, No. 2023 Carondelet Ave." If this shows that 2023 Carondelet Avenue was the proper office of the justice, we have no judicial knowledge that that locality is in the district within which this action should have been brought, or that Justice Picker was then a justice of such a district. The essential jurisdictional facts do not appear, and cannot be presumed. Judgment below was for defendant. It does not appear that any motion to dismiss was made in the Circuit Court, or that the attention of that court was called to the want of jurisdiction in the justice. But this is immaterial. The objection of want of jurisdiction is one that is not waived. It is urged here; and it follows, from what has been said, that the cause must be dismissed. *Bast* v. *Ketchum*, 5 Mo. App. 433; *Dillard* v. *Railroad Co.*, 58 Mo. 69.

The proceeding is dismissed. Judge LEWIS is absent; Judge HAYDEN concurs.

On motion for a rehearing, BAKEWELL, J., delivered the opinion of the court.

We think it well to say, in overruling this motion, that this case was decided upon the theory that the amended law of 1877 (Acts, p. 284; Rev. Stats., sect. 3098) could only mean that the statement must be filed in the township

in which the property was situated, if outside of St. Louis; but if in St. Louis, then in one of the fourteen justices' election-districts in which the property is situated, or in any adjoining district. The act evidently does not mean that the statement may be filed before any justice in the city of St. Louis, if the property is situated in St Louis; nor can it be intended to provide that justices may hold their courts outside of the districts for which they were elected. It can, we think, have no other meaning than the one we have given it; and the amendment seems to have had the object of conforming the wording of the law to the changes which the act of April 27, 1877, creating election-districts for justices in St. Louis, was intended to effect. Acts 1877, p. 283. The words immediately following " township " are to be taken twice. Outside of St. Louis, the statement must be filed with the justice of the *township* in which the property is situated; but in St. Louis, with any justice of the peace of the *district*, etc. (*i.e.*, in which the property is situated), or any adjoining *district*. Whether this meaning is perspicuously expressed or not, the act seems not susceptible of any other meaning. It can hardly be supposed that the Legislature, intending to say that where the property is in St. Louis the landlord may file his statement before any justice of the peace of the city, expressed this by saying that the summons might be filed before the justice of any district, or the justice of any adjoining district. Adjoining what? Adjoining, of course, the district of the first-named justice, which is intended to be the district in which the property is situated.

The application for rehearing is denied. Judge HAYDEN concurs; Judge LEWIS is absent.