REMINGTON SEWING MACHINE COMPANY, Respondent, *v.* THOMAS CUSHEN, Appellant.

### April 6, 1880.

1. The objection that the fact of agency is not stated and sworn to, is not fatal to a complaint in replevin before a justice where the affidavit runs thus: "J. L., agent for plaintiff, makes oath and says."

2. Where the caption of the statement is "City of St. Louis," it will be presumed that the notary before whom the affidavit was made was a notary for that city.

3. Where money is paid and a delivery made after a discussion of the terms of the agreement, and a written contract in regard thereto is afterwards executed, oral testimony to modify the writing is inadmissible.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

MARSHALL & BARCLAY, for the appellant: The affidavit is fatally defective in not showing that the notary was such for the county where the venue was laid. — *Bast* v.

*Ketchum*, 5 Mo. App. 433; *Bradley* v. *West*, 60 Mo. 33. The fact of agency is not sworn to; a mere recital is fatally defective. — *Crawshaw* v. *Wright*, 5 Mo. App. 579; *Cunningham* v. *Goelet*, 4 Denio, 71; *Ex parte Bank*, 7 Hill, 177. The statement not containing the facts required by statute, the jurisdiction of the justice never attached. — *Gist* v. *Loring*, 60 Mo. 487; *Schultheis* v. *Nan*, 4 Mo. App. 593. An unequivocal demand was necessary. — *Woodward* v. *Railroad Co.*, 46 N. H. 524; *McLain* v. *Huffman*, 25 Ark. 428; *Hunt* v. *Stier*, 33 Mich. 85. The offer of evidence related to the true contract of sale of the machine before the receipt read by plaintiff was signed. The receipt admitted the existence of such a prior contract (as is shown by its first line), and hence the offer was not to contradict the receipt, but to show the contract recognized by it as in force. It was correct. — *Huse* v. *McQuade*, 52 Mo. 388; *Shepard* v. *Haas*, 14 Kan. 443; *Healy* v. *Young*, 21 Minn. 389; *O'Neil* v. *Crain*, 67 Mo. 250; *Life Assn.* v. *Cravens*, 60 Mo. 388; *Philibert* v. *Burch*, 4 Mo. App. 470.

JULIAN J. LAUGHLIN, for the respondent: The official acts of a notary are presumed to be correct. — *Bradley* v. *West*, 60 Mo. 33. No demand was necessary. —Wag. Stats. 347, sect. 34; *Westcott* v. *De Montreville*, 30 Mo. 252; *Reid* v. *Mullins*, 43 Mo. 306.

HAYDEN, J., delivered the opinion of the court.

This is an action for replevin for a sewing-machine. It is complained that the affidavit before the justice runs thus: "J. L. Jackson, agent for plaintiff, makes oath and says," etc. It is undoubtedly more correct that the fact of agency should be stated and sworn to, instead of being added thus by way of description, but the point is not jurisdictional.

It is complained that the official authority of the notary is not shown. But the question is not here, as in *Bast* v. *Ketchum*, 5 Mo. App. 433, where the action was before the

justice. Here the caption of the statement is " City of St. Louis," and it is to be presumed that the notary was such for that city. *Bradley* v. *West*, 60 Mo. 39.

It is complained there was no unequivocal demand made by the plaintiff before bringing suit. But the testimony in regard to a demand must all be taken together. The words were spoken words, and for the jury to construe, even if it lay with the defendant to object that no demand had been made for the property. Wag. Stats. 347, sect. 34.

The plaintiff had given in evidence a so-called lease, by which the plaintiff and the defendant had agreed, on the face of the writing, that the machine had been received by the defendant under a contract for the sale of the machine, and that it was to remain the plaintiff's property until the obligation was complied with, the sums paid to be retained by the plaintiff as rent or hire, etc., in the event of the defendant's failure to meet the payments. The defendant received the machine and made payments from time to time, but, failing to make further payments, this suit was brought. The defendant offered to prove that, just before the " lease " was executed, he and the plaintiff's agent made an agreement in some respects different from and inconsistent with the written agreement, and that the machine was delivered under the oral agreement and $5 paid; that a day or two after this the agent brought the contract and asked the defendant to sign it, which he did. This evidence the court properly excluded. In the face of the written agreement which the defendant made and signed, and which needed no explanation, what took place by word of mouth was but preparatory talk. One of the two must give way, since they both covered the same ground and were inconsistent. Certainly the solemn and precise writing should not give way to the loose talk. Nor, because there was delivery made and money paid after the talk and before the writing was signed, was this an execution of an

oral agreement; otherwise, two inconsistent agreements were made and executed relating to the same thing.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.