Reilly v. Powell.

THOMAS REILLY, Respondent, v. W. L. POWELL, Appellant

### Kansas City Court of Appeals, March 4, 1889.

Forcible Entry and Detainer: AFFIDAVIT, INSUFFICIENCY OF. An affidavit to a complaint in forcible entry and detainer, which says, "that the foregoing complaint is true in substance," is fatally defective and confers no jurisdiction.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

REVERSED AND DISMISSED.

*Lewis & Lewis* and *Hollis & Hammer,* for the appellant.

Affidavit is insufficient by stating "affiant says complaint is true in substance." We are not informed what affiant regarded as "substance," hence, cannot know what he intends to verify and what not. *Remington Co. v. Cushen,* 8 Mo. App. 528 ; *Crawshaw v. Wright,* 5 Mo. App. 577 ; *Cunningham v. Goelet,* 4 Denio, 71 ; *Ex parte Bank,* 7 Hill, 177. Affidavit is jurisdictional in this kind of action. *Fletcher v. Keyte,* 66 Mo. 285. Jurisdiction cannot be presumed in this action in favor of judgment of circuit court. *Gideon v. Hughes,* 21 Mo. App. 528 ; *McQuoid v. Lamb,* 19 Mo. App. 153 ; *Allen v. Scharringhansen,* 8 Mo. App. 229.

*Trefren & Ingraham,* for the respondent.

It was not error to permit evidence under the complaint. First, complaint was properly sworn to. It is by an agent, and the court says that is correct in 8 Mo. App. 528 ; *Remington Co. v. Cushen.* The word " substance " in the affidavit, should be construed to mean the whole complaint, and everything stated therein.

ELLISON, J.—This action is unlawful detainer. The affidavit to the complaint is made by plaintiffs agent, who " on his oath says that the foregoing complaint is true in substance." Objection is made that the affidavit is insufficient by reason of being qualified by the words " in substance." We think the objection is well taken. There is no necessity for experiments in matters of this

Kansas City Nat. Bank v. Landis & Behney.

nature, especially when they are jurisdictional. The affiant swears that the matters, which he conceives to be of substance in the complaint, are true.

Those matters which he may think are not of substance are not sworn to. This would leave the matter a question of opinion.

As the affidavit is jurisdictional, we will reverse the judgment and dismiss the case. *Fletcher v. Keyte*, 66 Mo. 285. SMITH, P. J., concurs; GILL, J., not sitting.