Tegler v. Mitchell.

BERNHARD TEGLER, Respondent, v. J. A. MITCHELL, Appellant.

Kansas City Court of Appeals, July 2, 1891.

1. **Unlawful Detainer:** INSUFFICIENT VERIFICATION OF COMPLAINT: AMENDMENT. A complaint in unlawful detainer which has been insufficiently verified may, after appeal, be amended in the circuit court.

2. ——— : COMPLAINT: LAND IN STATE. A complaint in unlawful detainer which fails to show that the land is in the state of Missouri is insufficient and confers no jurisdiction.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED.

*J. B. Hamner*, for appellant.

(1) The court erred in allowing plaintiff to file an amended complaint, because the one originally filed was not verified, and, the justice having no jurisdiction, the circuit court could not acquire jurisdiction on appeal of unlawful detainer. *Reilly v. Powell*, 34 Mo. App. 431; *Fletcher v. Keyte*, 66 Mo. 285; *Turner v. Bondalier*, 31 Mo. App. 582. (2) The court erred in permitting the introduction of any evidence in this cause, because said amended petition does not allege that said premises were or are in the state of Missouri. *McKinney v. Harral*, 31 Mo. App. 41.

*J. W. Gillespie*, for respondent.

(1) The trial court committed no error in allowing the amended complaint to be filed. *Ensworth v. Barton*, 67 Mo. 622. The right to supply omissions or correct errors in proceedings or statements before justices of

the peace on appeal to the circuit court, even where such errors or omissions are jurisdictional, has been abundantly upheld in this state. *Mitchell v. Railroad*, 82 Mo. 108; *Vaughn v. Railroad*, 17 Mo. App. 8. In *Reilly v. Powell*, 34 Mo. App. 431, cited by appellant, the complaint was not amended nor asked to be amended in the circuit court. The question of the right to amend in the trial court was not passed on in that case. (2) An examination of the amended complaint will show that it therein sufficiently appears that the premises in controversy are situated in this state.

ELLISON, J.—This action is unlawful detainer. The affidavit to the complaint was insufficient in that the affiant swore that it was true "in substance." *Reilly v. Powell*, 34 Mo. App. 431. But on appeal to the circuit court, pending a motion to dismiss, the complaint was permitted to be amended by appending thereto a proper affidavit. This was rightfully allowed. R. S. 1889, sec. 5153. In *Reilly v. Powell*, no amendment was made or offered. The case of *Turner v. Bondalier*, 31 Mo. App. 582, is not applicable. The affiant in that case was a stranger to the proceedings at the time of making the affidavit. He made it as the agent of the plaintiff, and it was held that, as the plaintiff was an infant, he could not appoint an agent for such purpose. It was considered, therefore, that there was no affidavit in the case.

There is a further objection, however, which seems to be fatal to plaintiff's case. The complaint does not allege the property detained to be in the state of Missouri. This case is one in which exclusive original jurisdiction is vested in justices of the peace, a court of inferior jurisdiction. We can indulge in no presumptions as to such jurisdiction. *McQuoid v. Lamb*, 19 Mo. App. 153; *Schell v. Leland*, 45 Mo. 289. As, by section 5091, Revised Statutes, 1889, a justice has jurisdiction only of lands in his county, and as it could not

be pretended that a justice would have jurisdiction of a case which failed to show the land detained to be in the county, we see no reason why it should not also appear to be in the state. It, therefore, not appearing anywhere in the record that the premises are in the state of Missouri, the justice had no jurisdiction, and we will reverse the judgment and dismiss the cause. All concur.