CHARLES WYLIE, Respondent, v. GILES M. WADDELL, Appellant.

**Kansas City Court of Appeals, January 2, 1893.**

1. **Forcible Entry and Detainer:** ACTUAL FORCE: INSTRUCTION. No actual force against plaintiff's possession is necessary to maintain the action of forcible entry and detainer, and an instruction set out in the opinion was properly refused.

2. ———: COMMON INCLOSURE: INSTRUCTION. A common inclosure of a number of fields owned by different parties and pastured in common will not destroy such an actual possession of either field as to defeat an action of forcible entry and detainer, and an instruction set out in the opinion *held* properly refused.

3. **Instructions:** NO EVIDENCE. Instructions without evidence to support them are properly refused.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*L. R. Knowles, J. W. Stokes* and *Kelley & Kelley,* for appellant.

(1) Unless there is use of force or threats or intimidation, there is no forcible entry. 8 American & English Encyclopedia of Law, 106, and notes; *Hall v. Trucks,* 38 Ark. 257. (2) The plaintiff must have had actual possession at the time of the entry by defendant. Joint possession with others of several

hundred acres, of which the land in controversy is a part, is not sufficient. (3) Defendant's second instruction should have been given. If defendant entered wrongfully by disseizen, without force, a demand in writing was necessary. *Witte v. Quinn*, 38 Mo. App. 681; *Hyde v. Goldsby*, 25 Mo. App. 29; *Andrae v. Heinritz*, 19 Mo. 310. (4) If the land was in the bed of the Missouri river, and was never surveyed, it was not within the jurisdiction of the courts of Holt county. (5) The plaintiff was not in the actual and exclusive possession of the land; he could not recover. Therefore, the court erred in refusing defendant's fourth instruction.

*T. C. Dungan* and *Huston & Parish*, for respondent.

(1) The lower court did not err in giving the first instruction on behalf of the plaintiff. "An entry and detainer against the will of the party in possession is forcible." *Dennison v. Smith*, 26 Mo. 487; *Wunsch v. Gretel*, 26 Mo. 580; *Krevet v. Myer*, 24 Mo. 107; *McCartney v. Auer*, 50 Mo. 395; *DeGraw v. Prior*, 53 Mo. 313; *Bradley v. West*, 60 Mo. 59; *Willis v. Stevens*, 24 Mo. App. 494. (2) The court did not err in giving plaintiff's second instruction. *First*. The plain English and grammatical construction makes the words "and against his will" apply to the entry and detainer. *Second*. Any overt act indicating dominion and a purpose to occupy is actual possession, and will support the action. *Bartlett v. Draper*, 23 Mo. 407; *King v. Gas Co.*, 24 Mo. 34; *McCartney v. Alderson*, 45 Mo. 36; *Miller v. Northup*, 49 Mo. 397; *Bradley v. West*, 60 Mo. 60; *Willis v. Stevens*, 24 Mo. App. 500. (3) This is not a case of "joint possession with others of several hundred acres." It is a case of joint inclosure, each

party using and possessing in severalty their respective
parts within the inclosure.

ELLISON, J.—This was an action of forcible entry
and detainer whereby possession of a tract of land is
sought by plaintiff.   He recovered below, and defend-
ant has brought the case here.   An examination of the
record satifies us that the appeal is not well grounded.
The instructions given for plaintiff are those which
have been so frequently given in such cases, and have
so frequently been upheld by the appellate courts of
this state, that we need not enter into a discussion of
their merit, save to remark that there was evidence
upon which to base them.   The following instructions
were refused for defendant:   ''2.   The court instructs
the jury that although they may believe from the
evidence that, at the time the defendant entered upon
the land described in plaintiff's complaint, the plaintiff
was in actual possession of said premises, and exer-
cising visible acts of ownership over the same, yet, if
the jury believe from the evidence that the defendant
entered upon said premises wrongfully and without
force, by disseizen, that is, by entering upon the same
by passing through an opening in a fence without using
any force or in any wise making or aiding in making
such opening, in the absence of and without the
knowledge of the plaintiff, and continued in said pos-
session to the commencement of this suit, then the jury
should find for the defendant, unless the plaintiff made
demand in writing on defendant to deliver possession
of the same to him before the commencement of this
suit, and there is no evidence that such demand was
made.''

''4.   If the jury believe from the evidence that, at
the time defendant entered upon the premises men-
tioned in the plaintiff's complaint, the plaintiff was not

in the actual and exclusive possession of the same, but that said premises had been inclosed with lands belonging to other parties, as a common field or inclosure, by one fence around the same, and that said other parties had been and were using said inclosure, of which said lands mentioned in plaintiff's complaint formed a part, in connection with plaintiff, then and in that case the verdict should be for the defendant."

The second was properly refused. No actual force against plaintiff's possession is necessary. The fourth was also properly refused. The first part of it had been embodied in an instruction for defendant which was given. The other part as to a common inclosure of this and other lands could not affect plaintiff if he was in possession of the part of which he was dispossessed. A common inclosure of a number of fields owned by different parties and pastured in common will not destroy such an actual possession of either field so as to defeat an action of forcible entry and detainer.

There was no evidence as to the change in the channel of the Missouri river, or as to the boundary lines of Holt county, or the boundary line between Missouri and Nebraska, or as to where the Missouri river ran twenty-five years ago. Instructions on these matters were, therefore, properly refused. The judgment will be affirmed. All concur.