MICHAEL C. JOHNSON, Respondent, v. LOUIS FISCHER, Appellant.

Kansas City Court of Appeals, February 19, 1894.

1. **Forcible Entry and Detainer**: JURISDICTION: LAND IN COUNTY. In an action of unlawful detainer the record must show that the detained premises are in the county in which the justice sits, or he will have no jurisdiction.

2. ————: DESCRIPTION BY NUMBERS. A description by the government numbers is insufficient, since such description avers not the place of the land in the state; and if it did so place the land, and it appeared the description could apply to no other land in the state, *quære*, would it be sufficient?

3. ————: JURISDICTIONAL FACTS: AMENDMENT: REMANDING. In an action of unlawful detainer the appellate court will not remand the cause that the plaintiff may amend his complaint so as to show a jurisdictional fact, since the statute of forcible entry and detainer makes no mention of such amendment, and is a separate and independent scheme complete in detail.

*Appeal from the Saline Circuit Court.*—Hon. Richard Field, Judge. *

Affirmed.

*Boyd & Murrell* for appellant.

(1) The complaint does not state or show that the real estate defendant is charged to have unlawfully detained is situated in Saline county—the county in which the suit was instituted—nor does it state or show that the land is situated in the state of Missouri. See *McKinney v. Harrol*, 31 Mo. App. 41; *Tegler v. Mitchell*, 46 Mo. App. 350. The question of jurisdiction in this case is properly raised in the appellate court. *Barnett v. Railroad*, 68 Mo. 56; *Graves v. McHugh*, 58 Mo. 499.

*L. W. Scott* and *James Cooney* for respondent.

(1) The courts in the rush of business, seem to have overlooked some very important distinctions. It is not the statement in the complaint that the land lies in a certain county and state that gives the justice's court jurisdiction, but it is the fact that the land is in the justice's county, that gives the court jurisdiction. If the complaint should state that the lands were in a certain county and state, when they were not, the court would not have jurisdiction. So it is apparent that it is not the statement of the fact that gives the court jurisdiction. "The statute prescribes what the statement shall contain, and does not require it to contain any allegation that the premises sued for are in the county and state where the suit is brought. *Walker v. Harper*, 33 Mo. 592, 596; Revised Statutes, 1889, secs. 5091,

5092. (2) The statute does state that the complaint shall specify the "lands, tenements or other possessions so forcibly entered and detained," and the complaint in this case specifies that the complainant "had the legal right to the possession of the south one-half of the northwest quarter, also thirty acres off north side of the southwest quarter, section 23, township 51, range 19," and the court will take judicial notice that this section, township and range are within the boundaries of Saline county, Missouri. Revised Statutes, sec. 3051; *Woods v. Henry*, 55 Mo. 560, 563; *Brown v. Piper*, 91 U. S. 37, 42; *Long v. Waggoner*, 47 Mo. 178. (3) Upon the trial of this case in the circuit court, it appeared by documentary evidence offered on the trial, as is shown in the bill of exceptions, that the premises in controversy were in Saline county, Missouri, and "the defendant will be precluded from asserting with effect, for the first time," in this court, that the justice had no jurisdiction, because of a defect in the statement of a jurisdictional fact—if there be such a defect in this case. *Kennedy v. Prueitt*, 24 Mo. App. 414; *Walker v. Harper*, 33 Mo. 592–596; *Silvey v. Summer*, 61 Mo. 256. (4) The omission in the complaint is one that could have been amended in the circuit court. Revised Statutes, sec. 6340. And "this court has held that the power of amendment in proceedings appealed from justices of the peace extends even to the supplying of jurisdictional defects." *Vaughan v. Railroad*, 17 Mo. App. 4, 8; *Planing Mills Co. v. Ritter*, 33 Mo. App. 404; *Spencer v. Beasley*, 48 Mo. App. 97; *Mitchell v. Railroad*, 82 Mo. 106, 109; *Henry v. Railroad*, 44 Mo. App. 100, 104. (5) And even though the court should be of opinion that this case should be reversed on account of the omission in the complaint filed with the justice, yet in view of the statute and the former decisions of this court and the supreme court.

and in justice to the plaintiff, the court should remand the case with leave to the plaintiff to amend his complaint. *Mitchell v. Railroad*, 82 Mo. 109; *McKinney v. Harrol*, 31 Mo. App. 41. (6) But amendments may be made after final judgment in furtherance of justice and in affirmance of such judgment. *Lamb v. Railroad*, 33 Mo. App. 489; Revised Statutes, 1889, sec. 2114; *Muldrow v. Bates*, 5 Mo. 214; *Mueller v. Kaessmann*, 84 Mo. 318, 331; *Weil v. Simmons*, 66 Mo. 617, 619; *Bate v. Graham*, 11 N. Y. 237; 8 Cent. Law Journal, 340, 341.

ELLISON, J.—This is an action of unlawful detainer and was begun before a justice of the peace in Saline county, Missouri. The complaint does not show (and it does not appear that the record anywhere showed) the premises detained were in Saline county, or in this state. Without this appearing, the justice had no jurisdiction, since by statute (Revised Statutes, 1889, sec. 5091), a justice has jurisdiction in such actions only where the land lies in the county for which he is justice. *Tegler v. Mitchell*, 46 Mo. App. 349.

The complaint does locate the land as being "in section 33, township 51, range 19," and from this it is contended we should take judicial notice that the land was within Saline county. This we cannot do, as there is nothing in the description which would place the lands in this state. The description will as well fit lands in other states. If there was something to locate the lands as being in this state and it appeared or was a fact, that the description could apply to no other lands in this state, it might make a different case. We do not think that class of cases to which *Long v. Waggoner* (47 Mo. 178) belongs, concerning description in conveyances between individuals, is applicable to the question.

II. Plaintiff asks that the cause be remanded that he may have an opportunity to supply this jurisdictional defect by amendment as provided by Revised Statutes, 1889, section 6347. It has been held by the supreme court (*Mitchell v. Railroad*, 82 Mo. 106), that this section authorized amendments which would supply a jurisdictional omission. But this had reference to ordinary actions before justices of the peace. The statute itself shows that it could not, without much forcing, apply to an action of unlawful detainer. The statute of forcible entry and unlawful detainer makes no mention of such amendments, by referring to the general procedure before justices of the peace or otherwise. It is a separate and independent scheme. *Carter v. Tindall*, 28 Mo. App. 316; *Hastings v. Hennessey*, 52 Mo. App. 172. Complete in detail, it prescribes the mode and order of trial, the form of the proceeding, judgment and execution, the duties of the justice and his authority; even to the power of issuing subpœnas and compelling the attendance of witnesses.

We find ourselves, therefore, without authority to permit the amendment. The judgment will be reversed. All concur.