| 67 | 517 |
| 71 | 336 |
| 71 | 338 |
| 67 | 517 |
| 82 | 163 |

HARRISON DEAN, Respondent, v. DANIEL B. TRAX, Appellant.

Kansas City Court of Appeals, November 23, 1896.

1. **Unlawful Detainer:** AMENDMENT OF COMPLAINT. Where the complaint before the justice is sufficient to give him jurisdiction, any other defect may be cured by amendment in the circuit court.

2. **Justices' Courts:** JURISDICTION: AMENDMENT. Section 6347, Revised Statutes, 1889, permitting amendments in the circuit court on appeal from justices to cover jurisdictional defects, does not apply to actions of forcible entry and detainer.

3. **Appellate Practice:** AFFIDAVIT TO COMPLAINT IN UNLAWFUL DETAINER: OBJECTION. Where the clerk of the court omits his seal to the verification of complaint in unlawful detainer, and no objection is made thereto in the trial court, no notice will be given it in the appellate court.

*Appeal from the Livingston Circuit Court.*—Hon. E. J. Broaddus, Judge.

Affirmed.

*L. A. Chapman* and *W. T. Dixon* for appellant.

(1) The complaint filed in this cause before the justice, and upon which the process was issued and upon which the case stood for trial in the circuit court until the court permitted the plaintiff to file an amended complaint, failed to state any cause of action. It was a nullity, and gave the court no jurisdiction to issue process, and the plaintiff realized this when he filed his so-called amended complaint in the circuit court on the day it was called for trial. R. S. 1889, secs. 5089, 5092; forms numbers 144 and 145, on pp. 2261, 2262, Revised Statutes of 1889; *Andrae v. Henritz*, 19 Mo. 311; *Ish v. Chilton*, 26 Mo. 258. (2) The court committed error in overruling defendant's motion to strike from the files the so-called amended complaint of the plaintiff. The plaintiff had no right in law to file an amended complaint. The statute in relation to forcible entry and unlawful detainer makes no provision for amending complaints. The section of the statute in relation to amending in justices' courts has no reference to proceeding in actions of this character. *Johnson v. Fisher*, 56 Mo. App. 556; *Carter v. Tindall*, 28 Mo. App. 316; *Hastings v. Henessy*, 52 Mo. App. 172; *McQuoid v. Lamb*, 19 Mo. App. 156; *Brashears v. Strock*, 46 Mo. 221; *Gist v. Loring*, 60 Mo. 487; *Fletcher v. Keyte*, 66 Mo. 285; *Westerhold v. Boese*, 64 Mo. App. 280. (3) The complaint is not verified as required by law. There is no affidavit to the amended complaint, and does not purport to be sworn to before any officer known to law. If the party who made the *jurat* is circuit clerk he should have attached

the seal of the court. *Fletcher v. Keyte*, 66 Mo. 285; *Reilly v. Powell*, 34 Mo. App. 431.

*S. J. Jones* and *Davis, Loomis & Davis* for respondent.

(1) The complaint originally filed in this case before the justice was sufficient to give the court jurisdiction and to issue process thereon. It was not a nullity, and did give the court jurisdiction, and was a substantial compliance with the statutes of this state requiring what the complaint shall contain. R. S. 1889, secs. 5089 and 5092. (2) The circuit court had a right under the law to amend the complaint to conform with the statute, if in the opinion of court it did not conform to the statute at the time. *Elliott v. Abell*, 39 Mo. App. 346; *Hixon v. Selders*, 46 Mo. App. 275, cases cited on page 277; *Roberts v. Lynch*, 15 Mo. App. 456; *Tegler v. Mitchell*, 46 Mo. App. 349; R. S. 1889, sec. 5153. (3) The statute makes it the duty of the circuit court to try the case *de novo*, without regard to any errors, or defects, or imperfections in the proceedings before the justice, and to proceed as though the case had originally been brought in the circuit court. See secs. 5153, 5159, R. S. (4) The appellant raises the point of the seal of the circuit clerk not being attached to the affidavit of the amended complaint. This is surely technical in the extreme. But the defendant can not now be heard to complain of this technical defect, because he made no objection to it in the court below. *Smith v. Ponath*, 17 Mo. 262, and cases cited.

ELLISON, J.—This is an action of unlawful detainer in which plaintiff recovered judgment.

The case was taken to the circuit court where the complaint was amended over the objection of

defendant.   The complaint as filed before the justice
was amply sufficient to give the justice jurisdiction.
The defect cured by the amendment was not fatal at
all, and comprised merely a more specific statement of
the acts of defendant.   We have held that where the
complaint was not sufficient to clothe the justice with
jurisdiction it could not be amended on appeal, since
there was no provision, sufficiently comprehensive, in
the forcible entry statute for such amendment.   It has
been held that the provision now found in the statute
(section 6347), amendatory of the old law, is of suffi-
cient breadth to permit an amendment in the circuit
court to cover a jurisdictional defect in ordinary actions
originating before justices of the peace.   But that
section does not apply to action of forcible entry and
detainer.   *Johnson v. Fischer*, 56 Mo. App. 552.

We have furthermore held that where in actions
of forcible entry, the matter of defect was not juris-
dictional, it might be amended in the circuit court.
We think there is authority for this in section 5159,
Revised Statutes, 1889, of the forcible entry act, read-
ing as follows:

"SEC. 5159.  TRIAL IN CIRCUIT COURT TO PROCEED DE
NOVO.   When a cause shall be removed into the circuit
court, by *certiorari*, or appeal, such court shall proceed
to hear, try, and determine the same anew, as if it
had originated in such court, without regarding any
error, defect, or informality in the proceedings of the
justice.   (R. S. 1879, sec. 2491)."   And so we
decided in *Tegler v. Mitchell*, 46 Mo. App. 349.   And
so such amendments have been upheld in other cases of
forcible entry and detainer.   It was allowed as to
amount of damages.   *Hison v. Selders*, 46 Mo. App.
275;  *Elliott v. Able*, 39 Mo. App. 346.   And so as to
the matter of description of property, *Roberts v. Lynch*,
15 Mo. App. 456.

It seems that the affidavit was made before the clerk of the court and that he omitted to attach the seal of the court. No objection was made to this in the trial court and it not being a fatal objection, we will not notice it here.

The instruction given by the court fully covers the law applicable to the case including the points made in defendant's two refused instructions. An examination of the whole record has satisfied us that we can not interfere with the judgment and it is accordingly affirmed. All concur.

