MARTHA F. WILTSHIRE *et al.*, Respondents, v. HARRY TRIPLETT *et al.*, Appellants.

### Kansas City Court of Appeals, May 17, 1897.

1. **Forcible Entry and Detainer:** INFORMAL AFFIDAVIT: AMENDMENT: JURISDICTION. An affidavit to a complaint in forcible entry and detainer averring that it is true "in substance" is informal, but amendable, and confers jurisdiction on the justice and on the circuit court on appeal. Cases reviewed in opinion on motion for rehearing.

2. **Trial and Appellate Practice:** MOTIONS: SPECIFIC GROUNDS. The appellate court will not permit irregularities that were passed over without objection in the trial court, to be sprung for the first time on appeal; and all motions are required by statute to be accompanied by a written specification of the reasons on which they are founded.

3. ———: SETTING ASIDE DEFAULT: DISCRETION OF TRIAL COURT. Setting aside a judgment affirming the justice's judgment entered in the absence of the appellant, is a matter peculiarly within the discretion of the trial court, which must be allowed to enforce the rules of practice to insure the dispatch of business. Appellate courts ought not to interfere except in cases of manifest abuse.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*J. C. Rosenberger* for appellants.

(1) The affidavit to the complaint is fatally defective and confers no jurisdiction. This is to the very

Wiltshire v. Triplett.

letter the form of affidavit which this court has declared to be no affidavit at all. *Reilly v. Powell*, 34 Mo. App. 431; *Tegler v. Mitchell*, 46 Mo. App. 350. The affidavit is jurisdictional. *Edmonson v. Phillips*, 73 Mo. 57; *Pry v. R'y*, 73 Mo. 123; *Fletcher v. Keyte*, 66 Mo. 285. The true test of the sufficiency of a paper as an affidavit is the possibility of assigning perjury upon it if false. 1 Am. and Eng. Ency. Pl. and Pr. 310; *Neal v. Gordon*, 60 Ga. 112; *Mays v. Lewis*, 4 Tex. 38; *People v. Becker*, 20 N. Y. 354. (2) And so affidavits closing with the words, "as he verily believes," or that "affiant has good reason and does believe," or the assertion of a fact upon "information or belief," have uniformly been held insufficient unless expressly authorized by the statute. *Bank v. Alberger*, 78 N. Y. 252; *Mowry v. Sanborn*, 65 N. Y. 581; *State v. Hayward*, 83 Mo. 304; *Ex parte Bank of Monroe*, 7 Hill (N. Y.), 177; *Cowles v. Hardin*, 79 N. C. 577; *Stevenson v. Robbins*, 5 Mo. 18; *Neal v. Gordon*, 60 Ga. 112. (3) The action of forcible entry and detainer is a statutory proceeding unknown to, and in derogation of, the common law. R. S. 1889, sec. 5092. (4) Unless all the statutory requirements are complied with the justice of the peace has no jurisdiction, and the circuit court can acquire none on appeal—its acts are *coram non judice* and void. *Johnson v. Fischer*, 56 Mo. App. 552; *McQuoid v. Lamb*, 19 Mo. App. 153; *Wise v. Loring*, 54 Mo. App. 258, loc. cit. 264; *Ewing v. Donnelly*, 20 Mo. App. 9; *Fletcher v. Keyte*, 66 Mo. 285; *Robinson v. Walker*, 45 Mo. 120; *Schwoerer v. Christophel*, 64 Mo. App. 81; *Hastings v. Hennessey*, 52 Mo. App. 172; *Carter v. Tindall*, 28 Mo. App. 316; R. S. 1889, sec. 5162. (5) It is true that the setting aside of a default judgment is a matter resting in the discretion of the trial court, but it is also true that the appellate courts, by reason of their superintending control over the inferior

courts, have the power to review and interfere with the discretion of such courts when it is shown that same was oppressively or abusively exercised. *Martin v. Tobacco Co.*, 55 Mo. App. 655; *Carr v. Dawes*, 46 Mo. App. 598; *Judah v. Hogan*, 67 Mo. 252; *Tucker v. Ins. Co.*, 63 Mo. 593; *Hanel v. Freund*, 17 Mo. App. 618; *O'Fallon v. Davis*, 38 Mo. 269; *Laurent v. Milliken*, 10 Mo. 495.

*Edward H. Stiles* for respondents.

(1) The omission of a jurisdictional fact or circumstance in the statement, petition or complaint before a justice of the peace is not fatal to the jurisdiction and may now be amended even after appeal to the circuit court, if the justice, under the statute, had jurisdiction to hear and try cases of that kind or class. *Dowdy v. Wamble*, 110 Mo. 280; *Daniel v. Atkins*, 66 Mo. App. 342; *McKinney v. Harrold*, 36 Mo. App. 337; *Schults v. R. R.*, 76 Mo. 324; *Kitchen v. R. R.*, 82 Mo. 686; *Massey v. R. R.*, 87 Mo. 278; *Sprague v. Fallett*, 90 Mo. 547. (2) In *McKinney v. Harrold*, 31 Mo. App. 147, and again in *McKinney v. Harrold*, 36 Mo. App. 337, it is expressly held that a complaint in forcible entry and detainer defective in respect to jurisdictional matters, may be amended on appeal in the circuit court. (3) The objection, or right of objection, to the irregularity or defect in the complaint or form of verification was waived by defendant in failing to make it in the court below and as a ground of his motion for a new trial, and he can not, for the first time, be heard to urge it here. The defect in the affidavit was simply an irregularity in the method of invoking the jurisdiction, a mere irregularity in, or insufficiency of the showing made to set the court in motion, and might be either amended or waived. *Dowdy v. Wamble*, 110 Mo. 280; *Daniel v. Atkins*, 66 Mo. App. 342; *Rosen-*

*heim v. Hartsock*, 90 Mo. 365; *Posthlewaite v. Ghiselin*, 97 Mo. 424. (4) "The supreme court will not review questions that were not presented to or passed upon by the court below, and the record must show affirmatively that such questions were so presented and passed upon." "Objections that pleadings are defective can not be raised for the first time in the appellate court." "A judgment will not be reversed for alleged error in overruling a motion for new trial for a cause not set forth in the motion and made a ground thereof." "And the motion must be specific in that respect, and no reason not thus specified shall be urged in support of the motion." *Vanstone v. Goodwin*, 42 Mo. App. 39; *Alexander v. R. R.*, 54 Mo. App. 66; *Snoddy v. Watt*, 9 Ala. 609; *Mattock v. Thompson*, 18 Ala. 160; *Houghton v. Potter*, 23 N. J. L. 338; *Jarvis v. Hamilton*, 16 Wis. 547; 8 Am. and Eng. Ency. of Law, p. 163; *Grice v. Ferguson*, (Ala.) 1 Stat.; *Payne v. Martin*, *Ibid.* 407; *Wright v. Life*, 4 Ala. 113. (5) The granting a new trial rests peculiarly within the discretion of the trial court. *McDonough v. Nicholson*, 46 Mo. 35; *McKay v. Underwood*, 47 Mo. 185; *Bank v. Armstrong*, 92 Mo. 265; *McCullough v. Ins. Co.*, 113 Mo. 606. Surprise produced by the laches of a party is never a good cause for a new trial. *Tittman v. Thornton*, 107 Mo. 500; *Anderson v. Perkins*, 52 Mo. App. 527, and also cases there cited; 8 Am. and Eng. Ency. of Law, p. 178; *Towel v. Smity*, 27 Wis. 268; *Kennedy v. Hamer*, 19 Cal. 374; *Dutton v. Tracy*, 4 Conn. 79; 8 Am. and Eng. Ency. of Law, p. 178; *Watson v. College*, 2 Jones (N. C.), 211.

GILL, J.—This is an action of forcible entry and detainer for the recovery of certain premises in Kansas City. The cause was brought before a justice of the peace, where on trial plaintiffs recovered. Defendants

thereupon appealed to the circuit court, but when the case was there called they failed to appear, in person or by attorney, the judgment of the justice was affirmed, and this the court refused to set aside on defendants' motion and they appealed.

I.   The main question on this appeal is, whether or not the entire proceeding is without jurisdiction and void because of an alleged defect in the affidavit appended to the complaint filed before the FORCIBLE entry and detainer: informal affidavit: amendment: jurisdiction. justice of the peace, and which was in the following form: "The said Martha F. Wiltshire, one of the plaintiffs, being duly sworn on her oath, for herself and as agent for her co-plaintiff Mary C. Buck, says that the foregoing complaint is true *in substance*," signed and attested by the justice.

By the use of the above italicized words, "in substance," it is contended that the complaint was fatally defective and conferred no jurisdiction, either on the justice of the peace before whom the case originated or the circuit court to which the same was appealed. This contention is based on a ruling of this court in *Reilly v. Powell*, 34 Mo. App. 431, where a similar affidavit was held to be insufficient. In *Tegler v. Mitchell*, 46 Mo. App. 349, a like affidavit, though said to be defective, was yet permitted to be amended in the circuit court, and the latter case was followed and approved in *Dean v. Trax*, 67 Mo. App. 517. This authority to amend we thought given by the terms of section 5159 found in the chapter of the revised statutes relating to forcible entry and detainer.

If then the complaint under discussion, though defective, was yet amendable in the circuit court, we can not under the circumstances of the case treat it as an absolute nullity. "Judicial proceedings which are amendable are not void. *Hardin v. Lee*, 51 Mo. 241, and

Wiltshire v. Triplett.

cases cited. Amendability in such cases is the *experimentum crucis* of legal validity." *Rosenheim v. Hartsock*, 90 Mo. 357. And since, as the record shows, defendants failed at every stage of the case—in the justice's court and in the circuit court—to object to this defective affidavit, they must be held as having waived such irregularity; it is too late now to make such complaint. They should have done this when the action was pending below and while there was an opportunity to amend. This court will not assist defendants in quietly passing over such irregularities while there is an opportunity to correct them, and then spring a trap for the first time when the case gets here. The record shows that no such objection was raised at any stage of the proceeding below, not even in the motion for new trial or in arrest. Indeed it seems never to have been thought of until this appeal was taken.

It is true that defendants, in addition to a motion for new trial, filed in the court below what they termed a motion in arrest. But in that the sole

TRIAL and appellate practice: motions: specific grounds.

ground is stated: "Because upon the whole record the judgment is erroneous." This was not sufficiently specific to call the attention of the circuit court to the irregularity or defect now complained of. Our practice act provides that, "all motions shall be accompanied by a written specification of the reasons upon which they are founded; and no reason not so specified shall be urged in support of the motion." Sec. 2085, R. S. 1889. See *Fox v. Young*, 22 Mo. App. 386.

II. As to the court's action in overruling defendants' motion to set aside the judgment of affirmance, entered in their absence

——: setting aside default: discretion of trial court.

and when their counsel were not present, we have little to say further than that this was a matter peculiarly within

the discretion of the trial judge; and as the record fails to show that this discretion was arbitrarily or oppressively exercised, we must decline to interfere. The cause was called in the circuit court according to its setting on the calendar; defendants and their counsel failed to appear; and while one of these attorneys seems to have been detained at home on account of sickness in his family, yet no reasonable excuse is shown for the absence and inattention of the other. Trial judges must be allowed to enforce the rules of practice so as to insure the dispatch of the court's business, and the appellate courts ought not to interfere except in cases of manifest abuse. This is clearly not one of those cases. Judgment affirmed. All concur.

### ON MOTION FOR REHEARING.

PER CURIAM.—Much stress is laid on two points made by defendant as a reason why a rehearing should be granted. One is that the court in *Tegler v. Mitchell*, 46 Mo. App. 349, cited section 5153, Revised Statutes 1889, as authority for allowing an amended affidavit. This was a mere inadvertence of no importance. The section intended was 5159. *Dean v. Trax*, 67 Mo. App. 517.

The other point is that we are in conflict with *Fletcher v. Keyte*, 66 Mo. 285. The distinction between that case and this is plain. In that case it was held that an affidavit in forcible entry and detainer was jurisdictional and that as there was *no* affidavit to the complaint the justice had no jurisdiction. In this case there was an affidavit. It was merely defective in form, and this defect we held in the foregoing cases could be amended under section 5159 of the forcible entry and detainer statute. If there had been no affidavit, then the decision of the supreme court in

*Fletcher v. Keyte* would have governed. We are of the opinion that the case of *Johnson v. Fischer*, 56 Mo. App. 552, is not applicable. There it nowhere appeared that the land was in Saline county. A justice only has jurisdiction of actions of forcible entry and detainer when the land lies in the county of which he is a justice. It is fundamental that his jurisdiction must affirmatively appear on the record somewhere. We held this to be jurisdictional and not amendable. Much the same may be said of the case of *Allen v. Scharinghaussen*, 8 Mo. App. 229, and *McQuoid v. Lamb*, 19 Mo. App. 153. But in this case there was an affidavit sufficient to confer jurisdiction and though it was defective it was such a defect as could be amended. Motion overruled.