Snyder v. Parker.

A. H. SNYDER, Respondent, v. AL. PARKER, Appellant.

Kansas City Court of Appeals, May 16, 1898.

1. **Landlord and Tenant:** SURRENDER: EASEMENT: TENANT FROM MONTH TO MONTH. A lease permitted a subletting of a portion of the premises to P. · The tenant quit the premises leaving P. in possession of the whole and the landlord accepted rent from P. who had no knowledge of the lease. *Held*, that the lease was surrendered by operation of law and P. became a tenant from month to month.

2. **Forcible Entry and Detainer:** SUFFICIENCY OF COMPLAINT: TWO CAUSES OF ACTION IN ONE COUNT. The complaint in this case stated every fact required by the statute and if it stated two causes of action in one count such defect was waived by failure to file a motion before trial and could not be taken advantage of by an objection to the introduction of evidence.

3. ———: COMPLAINT: AFFIDAVIT. An affidavit to a complaint of forcible entry and detainer which avers the complaint is true in substance and fact is sufficient.

4. **Landlord and Tenant:** NOTICE TO QUIT. The renter's month ended on the last day of the month. The notice was served the tenth day of February, requiring the premises vacated on the thirty-first day of March. *Held*, sufficient.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

MCREYNOLDS & HALLIBURTON for appellant.

(1) Plaintiff is not entitled to recover under this complaint, because there is an attempt to state two causes of action in the complaint. And the complaint charges an unlawful disseizin, without force; while the proof (if anything) is a tenant holding over after notice to quit. R. S. 1889, sec. 5089; Russell v. McCartney, 21 Mo. App. 544; Greenleaf v. Weakley, 39 Mo. App. 191. (2) The complaint is not verified

as required by law and gave the court no jurisdiction. Reilly v. Powell, 34 Mo. App. 432; Building Co. v. Bank, 71 Mo. 58. (3) Defendant being in possession, paying rent, was in, *prima facie*, as assignee of the term, especially if it appears (as it does here) he has paid rent to the original landlord. Taylor's Landlord & Tenants [6 Ed.], secs. 429, 436, 437, 438; Ebling v. Fuylien, 2 Mo. App. 252; Ekers v. R. R., 8 Mo. App. 223; Guinsburg v. Claude, 28 Mo. App. 258; Carter v. Hammett, 12 Barb. 263; Acker v. Witherall, 4 Hill, 112; 14 Lawyers Rep. Ann., p. 153, note. (4) Under the evidence in this case Laingor is still liable to Chaffee and his assignees for the rent and so is defendant Parker as under the evidence there was no surrender of the lease by Laingor and no acceptance of surrender by F. W. Chaffee and the lease is still in full force and effect. Whetsone v. McCartney, 32 Mo. App. 434-435; Jones v. Barnes, 45 Mo. App. 590; Woods, Landlord and Tenant, secs. 350, 530, 531; Woods, Landlord and Tenant, sec. 529, note 2. (5) An underletting has the same effect as an assignment. Hicks v. Martin, 25 Mo. App. 366, 367. (6) The notice in this case is insufficient for two reasons. Russell v. McCartney, 21 Mo. App. 544; Gunn v. St. Clair, 52 Mo. 327.

E. O. Brown and George P. Whitsett for respondent.

(1) The petition in this cause avers all the facts necessary to be alleged. Murphy v. Ins. Co., 70 Mo. App. 78; Malone v. Fidelity and Casualty Co., 71 Mo. App. 7.; Wiltshire v. Triplett, 71 Mo. App. 336. (2) In the affidavit to the complaint in the case at bar the affiant says the complaint is not only true "in substance" but "in fact." Besides this case solely relied

upon to sustain this point has been expressly over-
ruled by the case of Wiltshire v. Triplett, 71 Mo. App.
336. (3) A surrender is the yielding up of an estate
for life or years. 2 Taylor, Landlord & Tenant, sec.
507; 12 Am. and Eng. Ency. of Law, p. 758; Kerr v.
Clark, 19 Mo. 132; Hulin v. Roll, 43 Mo. App. 239,
243; Tobener v. Miller, 68 Mo. App. 571; Walser v.
Graham, 60 Mo. App. 326; Prior v. Kiso, 81 Mo. 248;
Hutcheson v. Jones, 79 Mo. 496. (4) With regard to
appellant's objection that the notice was insufficient,
a reference to the testimony will show that this con-
struction is without weight or foundation. Green v.
Kroeger, 67 Mo. App. 624; 1 Taylor's Landlord &
Tenant [8 Ed.], p. 80, sec. 69; Tyng v. Theological
Seminary, 46 N. Y. S. C. 250.

GILL, J.—This is an action of unlawful detainer
for the possession of a store building in Carthage, which
for several years past had been occupied by
defendant for saloon purposes. At the
trial by the court below, without a jury, plaintiff had
judgment and defendant appealed.

STATEMENT.

In July, 1893, the property was owned by F. W.
Chaffee, who then made a written lease thereof to one
Laingor for a term of two years with a privilege of five,
stipulating therein that "said second party (Laingor)
has the privilege to sub-rent a part of the first story to
A. Parker." The lease also provided that the rent
($40) should be paid monthly in advance on the first
day of each month. It seems that Laingor, the lessee,
and Parker, the defendant, jointly occupied the first
floor—the first as a barber shop and the latter for a
saloon. Chaffee, the landlord, continued to collect the
monthly rent from Laingor until the latter part of the
first rental year, when, as the evidence shows, Laingor
without notice to Chaffee abandoned the property.

From that time on defendant Parker paid the rent—at the same rate and at the first of each calendar month. In June, 1896, F. W. Chaffee, who continued to collect the rent as before from Parker until February, 1897, in turn conveyed to the plaintiff Snyder. The latter deciding to put an end to Parker's tenancy gave written notice of more than thirty days requiring Parker to vacate April 1, 1897; and defendant declining to yield the possession, this suit was brought.

1.   It must be conceded that the plaintiff has as to this property whatever right of possession F. W. Chaffee, the original lessor would have. The issue then may be treated as between said Chaffee and the defendant Parker. And as between them, unless the latter (Parker) can legally claim under the written lease from Chaffee to Laingor, then clearly said Parker will be deemed as having only a tenancy from month to month, as provided in section 6371, of our landlord and tenant statute; and if defendant had only such a tenancy, then it could be terminated by the landlord giving one month's written notice. It was upon this theory plaintiff proceeded. But defendant seeks to avail himself of the written lease of Chaffee to Laingor; his counsel insists that he (Parker) is assignee thereof. While on the other hand plaintiff contends that Laingor abandoned and surrendered his lease, and that thereafter defendant occupied the property as a tenant without written lease, which, as already stated, is a statutory renting from month to month.

*LANDLORD and tenant: surrender: easement: tenant from month to month.*

The question then is mainly one of fact—was the Laingor lease surrendered or assigned? The trial court found it to be a surrender and not an assignment. I think the finding supported by the evidence, and the decision should be sustained. The facts are: Chaffee and Laingor executed a written lease for a term of

years. Subsequently and before the expiration of the term, the lessee deserted the building, abandoned the lease, but left behind him a sub-tenant, this defendant. The latter continued to occupy the property with the consent of the owner to whom he, the defendant, paid a monthly rent. There was no pretense at any time, from Laingor's surrender in 1893 to the institution of this action in 1897, that defendant Parker held and occupied the premises by virtue of the Laingor lease. Indeed the evidence discloses the fact that Parker had no knowledge of such a lease. It seems that this was something not thought of or even known by defendant until after plaintiff demanded the possession of his property.

It is true that where demised premises are found in the possession of one not named in the lease the presumption arises that such occupant is an assignee of the lease (2 Taylor's Landlord & Tenant [8 Ed.], sec. 429, but it is only a presumption and this is overcome in the present case by abundant proof that there was no assignment of the lease and none ever intended. When Laingor left the building in 1893 (or the beginning of 1894) there is no pretense that he assigned his term to defendant, but the evidence quite clearly shows the contrary. For, as already stated, Laingor did not even *advise* defendant that he had a lease, much less did he attempt to assign it to him, but to the contrary, the evidence shows that Laingor, after abandoning the property, destroyed the lease. Chaffee, the landlord, seems to have submitted to Laingor's surrender of his term, for he at once accepted defendant as tenant. This made the surrender complete, and from that time on Laingor's leasehold interest became extinct. Huling v. Roll, 43 Mo. App. 234. This was a surrender by operation of law and which the statute of frauds does not require to be in writing.

R. S. 1889, sec. 5183; 2 Taylor's Landlord & Tenant [8 Ed.], sec. 512. "A surrender is the yielding up the estate to the landlord so that the leasehold interest becomes extinct by the mutual agreement between the parties. It is either in express words, by which the lessee manifests his intention of yielding up his interest in the premises, or by operation of law, when the parties without express surrender do some act which implies that they have both agreed to consider the surrender as made." Huling v. Roll, *supra*.

This disposes of the merits of the case. The objections as to the matter and form of plaintiff's complaint have no merit. The complaint alleges every fact required by the statute, section 5089, FORCIBLE entry and detainer: sufficiency of complaint: two causes of action in one count. Revised Statutes 1889; and as to the charge that it includes two causes of action set out in one count, defendant should have raised this by motion, filed before the trial was entered upon, otherwise he will be deemed as having waived it. Wilson v. R'y, 67 Mo. App. 443; Wiltshire v. Triplett, 71 Mo. App. 332. This fault (if so it was) was not reached by the objection interposed at the opening of the trial, where defendant's counsel objected to the introduction of any evidence "because the petition does not state any cause of action."

Neither was there any substantial objection to the form of the affidavit appended to the complaint. By said affidavit the complainant made oath that "the foregoing complaint is true in *substance* and *fact*." ——: complaint: affidavit. This was sufficient, and clearly not subject to the criticism set out in Reilly v. Powell, 34 Mo. App. 431. In that case the affidavit was that the "complaint is true in substance."

The notice to quit was unobjectionable. According to the dealings of these parties the renting was

from month to month, beginning on the first and ending on the last day of each calendar month. The notice required defendant to vacate on March 31, 1897, which was the last day of the rental month, and the same was served on the tenth day of February prior thereto· This was all the statute provides. R. S. 1889, sec. 6371.

LANDLORD and tenant: notice to quit.

The judgment is manifestly for the right party and will be affirmed. All concur.