SCHOOL DISTRICT NO. I, Respondent, v. ANDREW
J. HOLT, Appellant.

Kansas City Court of Appeals, November 4, 1907.

1. **FORCIBLE ENTRY AND DETAINER:** Force: Intention:
   Common Inclosure. There may be forcible entry and detainer without actual force; so there may be, though there is no willful intention to thwart the will of the parties in possession, nor does the fact that the buildings may be within a common inclosure consisting of defendant's fence, alter the character of defendant's act under the evidence in the record.

2. ———: Affidavit: Agency: Amendment: Appeal. Though a complaint in forcible entry and detainer be verified by an agent without disclosing his authority, such fact does not destroy the justice's jurisdiction and the affidavit may be admitted even on appeal.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison*, Judge.

AFFIRMED.

*L. C. Cook* and *George P. Wright* for appellant.

(1) Defendant's motion to dismiss the action should have been sustained. In forcible entry and detainer, the complaint must be made in writing, signed and sworn to by the party aggrieved, his agent or attorney. Rankin v. Fairly, 29 Mo. App. 587; Brownfield v. Thompson, 96 Mo. App. 340. (2) The statute of forcible entry and detainer, has no application to a case, such as made by this record, and defendant's demurrer should have been sustained. R. S. 1899, sec. 3321. (3) Forcible entry and detainer in itself implies, and that statute within itself incorporates the thought that, either in the entry or in the detention of the premises, there must have been some sort of force or violence or strong hand, or there must have been the creation of some fear,

through the means of threats or otherwise. R. S. 1899, sec. 3320; Sitton v. Sapp, 62 Mo. App. 197. (4) Defendant was the owner of the little tract of ground in controversy, and had been for years before plaintiff acquired any rights therein; it was inside his inclosure, and had been at all times used by him as a pasture. True, plaintiff had for some years used it for school purposes. Neither of them was in the exclusive possession, but each was using it, for certain purposes, as he saw fit.

*Anthony & Ford* for respondent.

(1) The motion to dismiss was properly overruled. Mackey v. Hyatte, 42 Mo. App. 443; Nalor v. Chinn, 71 Mo. App. 163. The affidavit being amendable was not void and therefore the justice was not deprived of jurisdiction. Wiltshire v. Triplett, 71 Mo. App. 336. (2) The demurrer also was properly overruled. The lands being in a common inclosure does not prevent one party from making forcible entry on the possessions of another. Wylie v. Waddell, 52 Mo. App. 228. (3) Entry without the knowledge or consent is forcible entry. Holden B. & L. Assn. v. Wann, 43 Mo. App. 640. No actual force against plaintiff's possession is necessary. Wylie v. Waddell, 52 Mo. App. 228. (4) Parties dealing with the officers of a public corporation must know their powers and deal with them accordingly. State ex rel. v. Hays, 52 Mo. 578; State ex rel. v. Crumb, 157 Mo. 558; Richardson v. Palmer, 24 Mo. App. 491. Action by individual directors amounts to nothing. State ex rel. White v. Lockett, 54 Mo. App. 408.

ELLISON, J.—This is an action for forcible entry and detainer, begun before a justice of the peace. On appeal to the circuit court the plaintiff had judgment.

It appears that the defendant was the owner of a quarter section of land except one acre on which was a school house owned by the plaintiff district and used

for school purposes. This acre was remote from a public road and the directors of the district, desiring to locate the school in a corner of the tract where it would be on a public road, made a verbal arrangement with defendant to exchange the acre then occupied for an acre on the public road. The directors thereupon removed the schoolhouse and outbuildings from that site and erected others on the acre selected next to the public road. The latter acre was measured off, but in erecting the buildings they, or at least the out buildings, were, by mistake, erected outside the limits of the acre and thus stood upon defendant's land, where they remained in the possession, use and occupancy of the school district for a period of about five years. At the end of that time the parties concluded to separate the school acre from the main tract, the two tracts having been all the time under a common enclosure. It was then discovered that by mistake the buildings had been erected outside the limits of the acre as measured off by the parties, and were in consequence on the land of the defendant. It was found that by changing the shape of the tract by readjustment of lines and moving the out buildings a certain distance toward the school building within the readjusted lines, the district would still have its acre of land and the school house itself need not be moved. Defendant offered to prove this new arrangement by showing a verbal agreement of the directors to that effect. It was objected to on the ground that such action of the directors (there being no board meeting and no record made) was not binding on the plaintiff district. The trial court sustained the objection. For the purpose of the present appeal we must consider the offer of proof to be a fact in the case.

The point made by defendant appeals strongly for approval. When it is considered that he did not intend to take the law into his own hands by forcing plaintiff out of possession, but that he obtained the consent of

the directors acting as individuals, his act is relieved of all element of actual wrong or willfulness. But actual willfulness is not a necessary element in forcible entry any more than is actual force. There may be forcible entry and detainer though there is no actual force, whatever, and so there may be though there is no willful intent to thwart the will of the party in possession. Thus, by way of illustration, if there be two houses (not actually occupied) and a person with a right to enter into possession of one of them, mistakes the house (even after honest inquiry) and enters the other, the owner of the latter could maintain forcible entry and detainer. He ought, in propriety, to inform the intruder of his mistake before beginning his action, but he is not legally bound to do so. We may suppose that defendant, not being a lawyer, very naturally assumed that the directors had authority to act for the district outside of a board meeting and enter into an agreement even of such moment and importance as the readjustment of property lines and the removal of buildings. It however is now conceded that they had not such authority. But it is urged that these things relieve defendant of the wrong of a forcible entry and detainer and render him liable to an action of unlawful detainer, if he persisted after demand made as is required in the latter case. Such position is tantamount to asserting that when there is no actual wrongful intention there cannot be a forcible entry. This we think is not correct, any more than it would be to say there must be actual force. If the entry is against the will of the party dispossessed, that is, without his consent, it is constructively forcible and constructively wrongful.

The further point is made that the lands were in a common enclosure, consisting of defendant's fence around the outside of the entire tract. But that fact did not alter the character of defendant's act under the evidence. [Wylie v. Waddell, 52 Mo. App. 226.]

Defendant filed a motion to dismiss the case on account of the insufficiency of the affidavit to the complaint. The complaint was sworn to by an agent without disclosing his agency or authority. On account of this defect defendant made the point that the justice had no jurisdiction and that therefore the circuit court could have none on appeal. We think it is going too far to say that the justice was so far without jurisdiction as to destroy the power of amendment, and if not amended before the justice, may be in the circuit court. [Tegler v. Mitchell, 46 Mo. App. 349; Wiltshire v. Triplett, 71 Mo. App. 332.]

What we have said renders it unnecessary to refer to other points suggested. The judgment is affirmed. All concur.