FRANK PURCELL, Respondent, v. L. R. MERRICK, Appellant.

Kansas City Court of Appeals, June 16, 1913.

1. FORCIBLE ENTRY AND DETAINER: Possession of Farm. The plaintiff sues to recover possession of a farm from defendant in an action for forcible entry and detainer. The defendant purchased a farm of fifty-five acres in March, 1911. The plaintiff was in possession of the farm as the tenant of the vendor under an oral lease expiring March 1, 1912, and claims he remained in possession until April 21, 1912, when the defendant dispossessed him. The plaintiff had moved to a near-by town, but had left some of his possessions in the house and on the farm, which the defendant moved out of the house. *Held*, that the defendant had no right to forcibly dispossess plaintiff.

2. ————: Certiorari: Mandatory Requirements. The law applicable to actions for forcible entry and detainer constitutes a special and preclusive code and unless its mandatory requirements be rigidly complied with in the justice court, neither the circuit court, to which the cause is removed by *certiorari* nor the appellate court on appeal acquires jurisdiction of the subject-matter.

3. ———: **Jurisdiction of the Subject-Matter: Statute.** The provision of R. S. 1909, sec. 7660, that the complaint be "in writing signed by the party aggrieved, his agent or attorney and sworn to," are jurisdictional and if the plaintiff fails to comply with any of them, jurisdiction of the subject-matter will not attach and the proceeding will be *coram non judice.*

4. ———: **Certiorari: Jurisdiction.** A writ of *certiorari* performs no other office than to remove the cause pending. If the judge or justice had no jurisdiction in the cause owing to the failure of filing a sufficient complaint before him, the court can acquire none by removal.

5. ———: **Amendments not Jurisdictional: Statute.** The R. S. 1909, sec. 7726, relating to forcible entry and detainer provides for amendments in the circuit court to correct defects or informalities in the proceedings of the justice that are not of a jurisdictional nature and the courts have been liberal in allowing irregularities to be corrected in such manner.

6. ———: **Title or Possession.** In actions for forcible entry and detainer neither title to the land nor right to possession are in issue.

Appeal from Caldwell Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*B. B. Gill & Son* for appellant.

(1) The action of forcible entry and unlawful detainer under our statute is a special statute proceeding, summary in its nature, and the law conferring jurisdiction on justices of the peace must be strictly pursued in the method of procedure prescribed by it or the jurisdiction will fail to attach, and the proceeding will be *coram non judice* and void. This seems to be the rule in other States with statutes similar to ours in forcible entry and detainer, and is the rule in our State. 19 Cyc. p. 1147 and cases cited in note 38 supra; Allen v. Scharringhausen, 8 Mo. App. 229; Gideon v. Hughes, 21 Mo. App. 528; Johnson v. Fische, 56 Mo. App. 552; Wise v. Loring, 54 Mo. App. 264-265. (2) The jurisdiction of the justice of the

peace must affirmatively appear in an action of forcible entry and detainer and presumptions cannot be indulged in by the appellate court in rendering judgment by the circuit court. McQuoid v. Lamb, 19 Mo. App. 153. (3) The court said in the last case supra: "Where a court of inferior and limited jurisdiction exercises special statutory powers its jurisdiction must appear by the face of the proceedings, otherwise its judgment is void." The omission to sign and swear to the complaint is a fatal defect. Naylor v. Chinn, 82 Mo. App. 163; Bobb v. Taylor, 25 Mo. App. 585-586. (4) The circuit court acquired no jurisdiction by removal of the case to that court, if the justice had none. The court said in McQuoid v. Lamb, supra: "The writ of certiorari performs no other office than to remove the cause pending before the justice to the circuit court." The objection to the jurisdiction is not waived by joining issue and going to trial in this kind of an action. Robinson v. Walker, 45 Mo. 120.

*Greenwood & Cleaveland* for respondent.

(1) Sec. 7726, R. S. 1909, reads as follows: When a cause shall be removed into the circuit court by *certiorari* or appeal, such court shall proceed to hear, try, and determine the same anew, as if it had originated in such court, without regarding any error, defect or informality in the proceedings of the justice. Under this section it has been held that a complaint in forcible entry and detainer which has been insufficiently verified may be amended in the circuit court. Tegler v. Mitchell, 46 Mo. App. 349; Dean v. Trax, 67 Mo. App. 517; Wiltshire v. Triplett, 71 Mo. App. 332; Naylor v. Chinn, 82 Mo. App. 163; McKinney v. Harral, 36 Mo. App. 337. (2) A complaint in forcible entry and detainer which has been insufficiently verified, may be amended in the circuit court. Tegler v. Mitchell, 46 Mo. App. 349; Dean v. Trax, 67 Mo.

App. 517; Wiltshire v. Triplett, 71 Mo. App. 32; Naylor v. Chinn, 82 Mo. App. 163; McKinney v. Harral, 36 Mo. App. 337. (3) The complaint would not be jurisdictionally defective for want of a legal verification. Bobb v. Taylor, 25 Mo. App. 587. (4) An instruction that in an action of forcible entry and detainer, the question of the right to possession is not in issue is correct. Craig v. Donnelly, 28 Mo. App. 342; Krevet v. Meyer, 24 Mo. 107; Van Eman v. Walker, 47 Mo. 169; Beeler v. Cardwell, 33 Mo. 85; Dilworth v. Fee, 52 Mo. 131.

JOHNSON, J.—This is a suit for forcible entry and detainer begun in a justice court and removed to the circuit court by *certiorari*. After the cause was lodged in the circuit court defendant filed a motion to dismiss it on the ground of an alleged jurisdictional defect in the complaint.

Section 7660, Revised Statutes 1909, requires a written complaint "signed by the party aggrieved, his agent or attorney and sworn to," etc., to be filed with the justice and in attempted compliance with this statute, a written complaint was filed which purported to be signed "Frank Purcell by —— Atty. for plaintiff." After which appeared the jurat "Subscribed and sworn to before me, this sixth day of May, 1912.

L. W. HUNT,
"Justice of the Peace."

The motion to dismiss which attacked the signature as being wholly insufficient was overruled and a motion filed by plaintiff for leave to amend the complaint was sustained on proof that the attorney of plaintiff verified the complaint and that his failure to sign his name in the blank space for signature was a mere oversight. A trial of the issues resulted in a verdict and judgment for plaintiff and defendant appealed.

Defendant purchased a farm of fifty-five acres in Caldwell county in March, 1911. Plaintiff was in possession of the farm as the tenant of the vendor under an oral lease expiring March 1, 1912, and claims he remained in possession until April 21, 1912, when defendant forcibly dispossessed him. Sometime before this date he and his family had moved from the farm to a nearby town but had left some household furniture in the farm house, some fruit in the cellar and some pigs and chickens running at large. Defendant came to the farm on April 21st, in the absence of plaintiff, and, without his consent, took possession. He removed plaintiff's furniture from the house, put a new padlock on the door and, after locking the house, put a notice on the door warning trespassers away. Defendant denies that he forcibly dispossessed plaintiff and claims that in the preceding December plaintiff told him he might enter into possession at any time as he (plaintiff) had abandoned the place. Further defendant states that only a few old, worthless and apparently discarded articles of household furniture remained in the house and the whole place had the appearance of having been abandoned.

Numerous instructions were given but the material issues submitted to the jury are defined in the fifth instruction given at the request of plaintiff and in instructions lettered "D," "E" and "G" given for defendant, which are as follows:

"V. The court instructs the jury that the right of Frank Purcell to the possession of the premises in controversy at the time of the alleged forcible entry is not an issue in this case. The question is merely, has there been a forcible entry on plaintiff's possession?

"The court instructs the jury that if you find and believe that Frank Purcell had possession of the premises in controversy on the 21st day of April, 1912, and that this defendant or his agent on said day entered

upon said land and took possession thereof and. put out of doors or carried away any of the goods of said Frank Purcell, then your verdict must be for plain-tiff; unless you shall find from the evidence that plaintiff had theretofore notified defendant that he abandoned or surrendered the possession of the premises.

"D. The court instructs the jury that if they believe and find from the evidence in this case that the plaintiff rented the premises in suit from the grantor of the defendant for a term expiring on the first day of March, 1912, and that the defendant, on or before said date took peaceful possession of said premises, then your verdict must be for the defendant.

"E. The court instructs the jury that if they believe from the evidence in this cause that the plaintiff sometime in the fall or winter of the year 1911 told the defendant that he had left the premises in suit and moved to Breckenridge, Missouri, and that defendant could take possession thereof and rent said premises to anyone he wished, and if the jury further believe from the evidence that sometime after the first day of March, 1912, the defendant took peaceable possession of said premises, then your verdict must be for the defendant.

"G. The court instructs the jury that before the plaintiff can recover in this cause he must show to your satisfaction, by the greater weight of the testimony, not only that he was in the lawful possession, on the 21st day of April, 1912, of the premises in suit but also that defendant forcibly detains the possession thereof from plaintiff, and that unless he has so shown, the verdict and judgment must be for the defendant."

The law applicable to actions for forcible entry and detainer constitutes a special and preclusive code and unless its mandatory requirements be rigidly complied with in the justice court neither the circuit court, to which the cause is removed by *certiorari* nor the

172 App.—27

appellate court on appeal acquires jurisdiction of the subject-matter. [Holman v. Hogg, 83 Mo. App. 370; Warner v. Donahue, 99 Mo. App. l. c. 45; Manson v. Coleman, 86 Mo. App. l. c. 22.]

The provisions of section 7660 that the complaint be "in writing signed by the party aggrieved, his agent or attorney and sworn to," are jurisdictional and if the plaintiff fails to comply with any of them, jurisdiction of the subject-matter will not attach and the proceeding will be *coram non judice* and void. [Allen v. Scharringhausen, 8 Mo. App. 229; Gideon v. Hughes, 21 Mo. App. 528; Johnson v. Fischer, 56 Mo. App. 552; Wise v. Loring, 54 Mo. App. l. c. 264-265.]

"The writ of *certiorari* performs no other office than to remove the cause pending before the justice to the circuit court. If the justice had no jurisdiction in the cause owing to the failure of filing a sufficient complaint before him, the circuit court can acquire none by removal." [McQuoid v. Lamb, 19 Mo. App. 153.] In Fletcher v. Keyte, 66 Mo. 285, the Supreme Court held that an unverified complaint did not give the justice, nor the higher courts jurisdiction of the cause.

The same may be said of a complaint that bears no signature since the requirement is mandatory that the complaint to be sufficient must be signed. [Hargardine v. Van Horn, 72 Mo. 370.] A defect of such character cannot be cured by amendment in the circuit court for the obvious reason that having failed to acquire jurisdiction of the subject-matter that court has no cause before it—nothing to amend by. But the statutes relating to forcible entry and detainer (Sec. 7726) provide for amendments in the circuit court to correct defects or informalities in the proceedings of the justice that are not of a jurisdictional nature and the courts have been liberal in allowing irregularities to be corrected in such manner: Tegler v. Mitchell,

46 Mo. App. 349, where a defective oath was permitted to be amended in the circuit court; Dean v. Trax, 67 Mo. App. 516, where we held that the statute above referred to was sufficient to uphold any amendment that did not attempt to remedy a jurisdictional defect; and Wiltshire v. Triplett, 71 Mo. App. 332; Naylor v. Chinn, 82 Mo. App. 1. c. 163; McKinney v. Harral, 36 Mo. App. 337, wherein the same rule was stated and applied.

If the complaint in hand failed to contain the signature of the plaintiff or his agent or to show an intention and attempt to comply with the statutes, we would hold such defect to be jurisdictional and that it could not be cured by amendment. But while it may be conceded that no signature was attached there was manifested on the face of the complaint an uncompleted attempt at one and an intent to comply with the statutes. The jurat recites that the complaint was signed and further that an oath was administered and we think these recitations, coupled with the uncompleted signature, were sufficient to remove the defective signature from the field of jurisdictional omissions to that of mere irregularities or informalities which, as stated, falls within the purview of the statute relating to amendments of such actions in the circuit court. The motion to dismiss was properly overruled and the court did not err in allowing the amendment.

We find no error in the instructions. In actions for forcible entry and detainer neither title to the land nor the right to possession are in issue. Though defendant had both the legal title and the right to immediate possession, he had no right to forcibly dispossess plaintiff. [Craig v. Donnelly, 28 Mo. App. 342; Krevet v. Meyer, 24 Mo. 107; Van Eman v. Walker, 47 Mo. 169; Beeler v. Cardwell, 33 Mo. 85; Dilworth v. Fee, 52 Mo. 131.] The only issue of fact in the case was whether the entry of defendant was forcible or peaceable. That plaintiff was in actual

possession of the farm at the time is clearly shown. He was forcibly dispossessed, if the entry upon and retention of the land by defendant were without his consent, and he was peaceably dispossessed if they were with his consent. The instructions properly defined this issue.

The judgment is affirmed. All concur.