STATE OF MISSOURI at the Relation of NEAL J. ROSS, Commissioner of Securities, Relator, v. NIKE G. SEVIER, Judge of the Circuit Court of Cole County.—69 S. W. (2d) 662.

Division One, March 14, 1934.

*Roy McKittrick*, Attorney-General, and *Gilbert Lamb*, Assistant Attorney-General, for relator.

*Herbert G. Baur* and *Benjamin F. York* for respondent.

ATWOOD, J.—Neal J. Ross, State Commissioner of Securities, filed petition for our writ of prohibition against the Judge of the Circuit Court of Cole County, Missouri, to prevent any further action by said court upon its order, issued in a mandamus proceeding there pending between the Southern Loan & Investment Company as plaintiff and relator herein as defendant; directing the defendant "to permit the plaintiff, or its attorneys of record, to inspect, at reasonable time or times, the file or files kept by the defendant, or his predecessor, relating to the affairs of the plaintiff, and that plaintiff be permitted to have made photostatic copies of any or all documents and papers remaining on file in the office of the said defendant relative to the affairs of plaintiff."

It is alleged in the petition filed herein that on May 31, 1933, the day the petition for mandamus was filed in said circuit court, summons was issued therein to relator herein commanding him to appear before said court on the first Monday in October, 1933, then and there to answer said petition wherein petitioner prayed for a writ of mandamus commanding relator herein "to issue to the petitioner a permit to sell investment certificates and to resume operation of its business and for such other process, orders or judgments as may seem proper;" that thereafter, on June 1, 1933, said court issued its alternative writ of mandamus therein; and that on June 2, 1933, said circuit court, without any notice of any kind being given to relator herein and without giving said relator any opportunity to be heard thereon, issued the order above quoted. It is further alleged in relator's petition that said order "is invalid and contrary to the laws of this State in that it directs the relator herein to disclose confidential matters which, under Section 7739, R. S. Mo. 1929, is not open to the public except on the special order of the relator in that the papers, matters and things referred to in said order, and requested to be seen by plaintiff in said case have been placed in a special file marked 'confidential,' " that respondent herein "was without power under the statutes heretofore stated, for the reasons herein given, to issue said order and in so doing acted in excess of and beyond his power and jurisdiction, and that he is without power and jurisdiction to enforce such order as made, and the enforcement thereof would be in excess of and beyond his lawful jurisdiction. Relator states, upon his best information and belief, that the respondent will take some action to enforce said order on the return date of the alternative writ of mandamus issued herein, which is July 1, 1933; and relator states that he has no other and completely adequate remedy to protect the rights and interests of the persons disclosing information to him under and by virtue of Section 7739, Revised Statutes 1929, and that he has no other and completely adequate remedy to protect the rights and interests of the public and of himself as an officer of the public as in the premises stated; that unless an alternative writ of prohibi-

tion is issued herein against respondent immediately and without notice, he will continue to act and to exercise jurisdiction herein to the great and irreparable detriment, damage and injury to the rights and interests of the public, to the rights and interests of those of the public who have given the respondent confidential information, and whom the relator desires to protect as by statute provided; that unless an alternative writ of prohibition is issued against respondent aforesaid irreparable detriment, damage and injury will occur to the relator in his official capacity as an officer of the State of Missouri.''

Our provisional rule was duly issued to which respondent has made return denying that under the law it was necessary that relator herein be given notice of the ''Application for the order to Inspect Books, Papers and Documents;'' alleging that the issuance of said order is discretionary with respondent; and denying that said order is illegal and invalid. The return further ''denies that whatever matters were to be disclosed, or might be disclosed, are confidential matters as to the parties therein, and that the matters were necessary to be disclosed for the complete determination of the said suit.'' The return also avers that ''the alleged special file is the general file kept in the office of the Commissioner of Securities;'' and further denies that ''the same is confidential as to the parties litigant therein, and denies that the same is marked 'confidential.' '' Said return further contains a denial that respondent was without power to issue said order, a denial that the issuance of said order was in excess of and beyond respondent's judicial power, and a denial of ''each and every, all and singular allegations contained in relator's petition except those herein specifically admitted.''

Relator filed reply averring that it was necessary under the law that relator be given notice of the ''application for the order to inspect books, papers and documents,'' that the issuance of said order was not discretionary with respondent, that said order is and was illegal and invalid; and denying that ''said special file is the general file kept in the office of the Commissioner of Securities,'' and averring that ''the same is confidential as to the parties litigant in the action described in relator's petition,'' and that said file is marked confidential.

It was stipulated and agreed between the parties hereto that: ''Subject to any contrary provisions herein, that, together with the admissions made by the pleadings herein both affirmatively and by failure to deny, the following be taken as and for the facts in this case.

''It is agreed that the order made by the respondent on the First day of June, 1933, in the cause of State of Missouri, at the relation of Southern Loan and Investment Company, a corporation, plaintiff, versus Neal J. Ross, Commissioner of Securities for the State of

Missouri, defendant, Case number 7143, is correctly set out in relator's petition for writ of prohibition herein.

"It is further stipulated and agreed that at the time of the issuance of the order to inspect the file or files kept by the relator relating to the Southern Loan and Investment Company, and to permit said company or its representatives to make photostatic copies of the papers and documents therein, nor thereafter was the relator herein defendant below, served with a copy of the application, or notice of the filing thereof, for said order in said cause number 7143, and that the relator was not given an opportunity to be present and be heard before or at the time of the issuance of said order.

"It is stipulated and agreed that at the time said order was granted by the respondent herein, the relator had in his custody in his official capacity, a file pertaining to the Southern Loan and Investment Company; that said file, among other things, contained certain letters and documents with reference to the said Southern Loan and Investment Company. That thereafter representatives of plaintiff in said cause number 7143 appeared at the office of the relator herein and requested the right to see and make copies of the file pertaining to the Southern Loan and Investment Company; that the relator produced the file and granted said persons the right to see the same, but refused then and there to permit said persons to make copies of the certain letters and documents therein, as set out in said order. That thereafter, to-wit, on June 2, 1933, the relator herein was served with a certified copy of the order hereinabove referred to by Benjamin F. York, of the City of St. Louis, Missouri, attorney for the said Southern Loan and Investment Company, which copy was then and there accepted by the relator, and that at that time relator herein produced and handed over the file pertaining to the Southern Loan and Investment Company, but refused, at said time and thereafter, to allow the Southern Loan and Investment Company, or its representatives, to make copies or have photostatic copies, pertaining to the affairs of said company, made of said letters and documents, claiming that same were 'confidential.' That at said time the Southern Loan and Investment Company, by its representatives, requested certified copies of said letters and documents to be made by the relator, and tendered in cash to relator at that time, the costs of such certified copies as quoted by the relator, but that said certified copies were then and there refused to the Southern Loan and Investment Company, and its representatives.

"It is further stipulated and agreed that on the 5th day of July, 1933, the relator herein stated and represented that there was only one file in his office, the general file, pertaining to the Southern Loan and Investment Company, and that such general file was kept in the routine business of his office, and contained all of the papers and documents and information in his possession concerning the Southern

Loan and Investment Company. That said relator further admitted and stated that there was not any other file pertaining to the Southern Loan and Investment Company in his office as Commissioner of Securities.

"That the letters and documents which the relator refused to permit the representatives of said company to make copies thereof were addressed to relator in his official capacity as Securities Commissioner of the State of Missouri, by certain individuals, firms or corporations, and said letters and documents were in reference to the Southern Loan and Investment Company and contained allegations in regard to said company and said company's manner of doing business in the State of Missouri in the sale of securities."

Counsel for respondent seek to justify the order in question by Section 928, Revised Statutes 1929, which is as follows:

"The court before which an action is pending, or a judge thereof, in vacation, may, in his discretion, and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, or to make a photograph of a paper in his possession or under his control, containing evidence relating to the merits of the action or defense therein. If compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence, or punish the party refusing as for contempt, or both."

Counsel for relator insist that proof of "due notice" of application for such an order is a jurisdictional prerequisite thereof; also, that respondent was without jurisdiction to make the order because it was violative of Section 7739, Revised Statutes 1929, which section is as follows:

"All information received by the commission under this chapter shall be kept open by the commissioner to public inspection at reasonable hours and the commissioner shall supply to the public copies of summaries of such information at charges equaling the cost of typing or printing: Provided, however, that the commissioner shall have power to place in a separate file not open to the public except on his special order, any information which he deems in justice to the person filing the same should not be made public."

The doctrine underlying relator's contentions is well stated in Ferriss on Extraordinary Legal Remedies, section 318, page 427, as follows: "One general ground of prohibition is, that though the subject-matter is within the proper jurisdiction of an inferior tribunal, yet in some collateral or incidental matter it is proceeding contrary to the common law or some statutory provision. Courts have authority by this proceeding to supervise the execution of the laws, not merely by keeping inferior tribunals within their proper jurisdiction, but also by enforcing a correct execution of the laws, as well the

common as the statute law." We shall consider relator's second contention first.

Section 7739, Revised Statutes .1929, was enacted in 1929 (Laws 1929, pp. 387, 405, sec. 17), long after the enactment of Section 928, supra. Relator in effect contends that since Section 7739 is a subsequent enactment, the proviso therein contained, empowering the commissioner "to place in a separate file not open to the public except on his special order, any information which he deems in justice to the person filing the same should not be made public," is an exception to Section 928 and intended to prohibit the issuance by the court to the commissioner of the order therein provided and here in question.

This calls for an interpretation of the language used in Section 7739. It first states that all information received by the commissioner under this chapter shall be kept open to *public inspection* as reasonable hours, and that *the public* shall be supplied with copies of summaries of such information at charges equaling the cost of typing or printing. It is then provided that the commissioner shall have power to place in a separate file not open to the public except on his special order, any information which he deems in justice to the person filing the same should not be made *public*.

In the *habeas corpus* proceeding entitled In re French, 315 Mo. 75, 83, 285 S. W. 513, this court in banc held that Section 11679, Revised Statutes 1919, as amended in 1923 and 1925, to the extent that it undertook to bind the Bank Commissioner, his deputies, clerks, stenographer, examiners and employees, "under oath to keep secret all facts and information obtained in the course of all examinations, except so far as the public duty of such officer requires him to report upon or take special action regarding the affairs of any bank, private banker, savings and safe deposit company or trust company, and except when he is called upon as a witness in any criminal proceedings or criminal trial in a court of justice," was violative of Section 10, Article II, of the Constitution of Missouri, in that the latter exception was "an unconstitutional encroachment upon the proper functions of the courts."

While the constitutionality of Section 7739 is not questioned in this proceeding, if we should hold that it expresses a legislative intent to empower the commissioner to place whatever official information he might deem confidential beyond the reach of a court order authorized by Section 928, which statute has superseded the old method by bills of discovery (State ex rel. Railroad Co. v. Hall et al., 325 Mo. 102, 106, 27 S. W. (2d) 1027), such construction would render the section vulnerable to such attack when properly raised. Moreover, we do not think this law is fairly susceptible of such intention. The purpose of the proviso seems to be to empower the commissioner, in his discretion, to keep from the prying eyes and hands

of the general public "any information which he deems in justice to the person filing the same should not be made public." It is in the public interest to promote acquisition by the commissioner of full information regarding matters within the purview of his public duties, and it is obvious that without some such protection the information so obtainable would be greatly curtailed. However, it is a far different thing to say that such information shall be deemed beyond the reach of an order of a court acting within its jurisdiction. It does not appear that such is a necessary intendment of Secton 7739, as was apparent on the face of the statute involved in the French case, and we do not think it should be brought in by construction.

▮ Relator suggests that apart from the statute he was entitled to treat the information as confidential and refuse to permit the making of copies or photographs. A principle, frequently recognized by the courts, is that upon general grounds of public policy communications to the government of information regarding the commission of an offense under its laws are to be regarded as privileged. [Vogel v. Gruaz, 110 U. S. 311, 316; Finley v. Steele, 159 Mo. 299, 304, cited by relator.] However, questions arising on the application of this principle are distinguishable from the question of a public official's amenability to legal process for his official acts. [Comment under foot-note 7, sec. 251, p. 388, of Greenleaf on Evidence (16 Ed.).] And as said in Wigmore on Evidence (2 Ed.), page 176: "Even where the privilege is strictly applicable, the *trial court may compel disclosure*, if it appears necessary in order to avoid the risk of false testimony or to secure useful testimony." Where, as here, a public official is the defendant in a mandamus proceeding, in which the order in question was issued, charging him with continuing a forfeiture of plaintiff's right "to sell investment certificates under Blue Sky Permit" on the ground that he "had received a complaint about plaintiff's method of conducting its business," although upon plaintiff's written application for a public hearing thereon a day was set for such hearing at which plaintiff appeared and no evidence was procured or adduced by such official or anyone in his behalf in support of said forfeiture, it seems clear that the principle now invoked by relator does not warrant prohibition on the ground that an appeal would not afford him an adequate remedy.

▮ Recurring to relator's first contention, that respondent was without jurisdiction to make the order because of conceded lack of any notice whatever to defendant of plaintiff's application therefor, it appears to be well grounded. The statute plainly states that the court before which an action is pending, or a judge thereof, in vacation, "may, in his discretion, and upon due notice," make such an order. Of course, the making of such an order is within the court's sound discretion, and failure of the party applying therefor

to give the other party "due notice" of his application would be good ground for refusal, but it seems too clear for any serious difference of opinion that the court's power to make such an order is conditioned upon "due notice."

Counsel for respondent suggest that relator's remedy was a motion to set aside the order and not a writ of prohibition. Our writ of prohibition is discretionary and if there were anything in the circumstances suggesting that relator neglected to apply for relief that was reasonably available, the writ might well be withheld until such relief has been sought and refused. However, it here appears that the order in question was made without notice to this relator or opportunity to be heard prior to its issuance, and there is no suggestion that a motion to set aside the order would have been of any avail. In such case relator's failure to file such a motion is not a bar to his application for this writ. [State ex rel. McCaffery. v. Aloe, 152 Mo. 466, 484, 54 S. W. 494.]

For the reasons above stated our provisional rule in prohibition is made absolute. All concur, except *Hays, J.,* absent.