STATE OF MISSOURI EX REL., MARCY K. BROWN ET UX, RELATORS, v. DANIEL E. BIRD, JUDGE, RESPONDENT.—73 S. W. (2d) 821.

Kansas City Court of Appeals.    July 2, 1934.

*Marcy K. Brown* for relators.

*Louis W. Krings* (No brief) for respondent.

REYNOLDS, C.—This is an original proceeding in this court for a permanent writ of prohibition.

On February 16, 1933, one F. Henry Raab filed a suit in unlawful detainer against the relators herein, Marcy K. Brown and Blanche Brown, before one M. H. Joyce, a justice of the peace in the first district of Kaw Township, Jackson County, upon the following complaint:

"Comes now the plaintiff and states that on or about January 29, 1929, the defendants, and each of them, were the owners of and in possession of a certain house and lot known as 1317 East Armour Boulevard, and legally described as follows, to-wit:

" 'Lot one (1) Block three (3) of Plat of Blocks three (3) and four (4) of Sedgwick Place, in Kansas City, Jackson County, Missouri.' "

"That on January 29, 1929 defendants, and each of them, executed a certain Deed of Trust to secure the payment of their promissory note of the same date in the sum of Twenty-eight Hundred ($2800) Dollars; that by the terms of said Deed of Trust the defendants, and each of them, agreed that upon default of the payment of said indebtedness, or any part thereof, principal or interest, or of any other agreement therein contained, defendants would surrender possession of said property to the Trustee named in said Deed of Trust, or to the purchaser at Trustee's Sale under the Deed of Trust.

"That said defendants were in default in the payment of said principal and interest on their note hereinbefore set out on December 1, 1930, and for a long time prior thereto; that notwithstanding said defendants were in default as herein set out, said defendants did remain in possession of said property and are now in possession of said property; that on February 1, 1933, said Trustee named in Defendants' Deed of Trust did foreclose under the terms of said Deed of Trust, and this plaintiff was the purchaser of said foreclosure sale, and did then and there become the owner of the property in question.

"That ever since default was made by defendants, the defendants have willfully and unlawfully held over and retained possession of said premises; that plaintiff has been the owner of said note since December 1, 1930, and for a long time prior thereto, and entitled to possession of said property upon default in the Deed of Trust herein set out; that since said foreclosure sale plaintiff has not been able to secure possession of said premises though demanded of these defendants.

"That a reasonable rental value of said premises is One Hundred ($100) Dollars per month, and that plaintiff has been damaged in the sum of Twenty-seven Hundred ($2700) Dollars by reason of

said defendants, and each of them, unlawfully and willfully holding possession of the property in question after default in their Deed of Trust, as hereinbefore set out.

"Wherefore, plaintiff demands judgment for the possession of said premises and for his damages in the sum of Twenty-seven Hundred ($2700) Dollars, and for his costs herein expended.

F. Henry Raab, Plaintiff.

"STATE OF MISSOURI ⎫ ss.
"COUNTY OF JACKSON ⎭

"The said F. Henry Raab, plaintiff, being duly sworn on his oath says that the foregoing complaint is true in substance and fact.

"F. HENRY RAAB."

Said justice, upon the filing of said complaint, issued and delivered to William Mobley, a constable of Kaw Township, the following summons:

"SUMMONS Forcible Entry and Detainer<br>Unlawful Detainer<br>Sec. 7661, R. S. Mo. 1909.

"F. Henry Raab,
Plaintiff,
vs.
"Marcy K. Brown and Blanche Brown,
Defendants.

BEFORE
...... M. H. Joyce ......
Justice of the Peace first District, Kaw Township, Jackson County, Missouri.

"STATE OF MISSOURI ⎫ ss.
"County of Jackson ⎭

"THE STATE OF MISSOURI,

"To Any Constable of Kaw Township, Jackson County, Missouri;

"GREETING:

"You are hereby commanded to summon Marcy K. Brown and Blanche Brown of the County of Jackson to appear before the undersigned Justice of the Peace within and for said county, at his office in said Township therein, on the 24 day of February, 1933, at the hour of.......... o'clock in the forenoon of that day, then and there to answer and defend against the complaint of Unlawful Detainer made by the said ................ Marcy K. Brown and Blanche Brown upon the lands of the said F. Henry Raab as by the complaint of the said Henry F. Raab hereto annexed, will more fully appear; and have you then and there this writ, with the return of your proceedings thereon.

"Given under my hand this 16 day of February, 1933.

"........ M. H. Joyce ........<br>Justice of the Peace."

Such summons was returned by said Constable Mobley as follows:

## "CONSTABLE'S RETURN

"Executed this writ in Kaw Township, Jackson County, Missouri, by reading the same to the within named defendant ............. by leaving a copy thereof at the usual place of abode of the within named defendant .............. Marcy K. Brown 2/17 & Blanche Brown 2/17 ................... with a person of the family over the age of 15 years.

the 17 & 18 day of Feby., 1933.

"W. A. Mobley, Constable.

"Fees .....................
"Mileage ................... Miles ................. D. C. 2"

The defendants in said suit, relators herein, on February 24, 1933, appeared before said justice for such purpose only and filed a plea in abatement to the jurisdiction of the justice over both the persons of the defendants therein, the relators herein, and the subject-matter thereof, in substance attacking the complaint, the summons, and the service thereof as each being entirely insufficient to confer any jurisdiction upon the justice either over the subject-matter thereof or the persons of the defendants and that, by reason of the premises, said justice had no jurisdiction over the subject-matter or over the defendants.

Other matters are set out in said plea of abatement that are not necessary here to state.

Thereafter, said cause before said justice was, on the application of the defendants therein, transferred by change of venue to Casimer J. Welch, a justice of the peace of the sixth district of Kaw Township, Jackson County. Said defendants, in their said application for change of venue, reserved their rights to the objections set out in their plea of abatement to the jurisdiction of the court both over the subject-matter and the persons, appearing for the purposes of said motion only. Said cause being finally heard before said Casimer J. Welch, justice of the peace, defendants' plea in abatement was overruled; and judgment was rendered by said justice for the plaintiff therein for the recovery of the possession of the premises described in the complaint and for damages in the sum of ten dollars. June 1, 1933, the relators appealed from the judgment of said justice to the circuit court of Jackson County, preserving the right in their affidavit and recognizance upon such appeal to their objections to the jurisdiction of the justice.

Relators herein, on July 19, 1933, in vacation of the court, filed their petition in this court for a writ of prohibition against respondent Daniel E. Bird, judge of the circuit court of Jackson County, presiding in the assignment division thereof, prohibiting him as such judge from taking or retaining jurisdiction in said cause upon said appeal. On July 22, 1933, a preliminary writ of prohibition was is-

sued by one of the judges of the court in vacation thereof returnable October 2, 1933, by which respondent was temporarily prohibited from the exercise of jurisdiction in said cause and by which he was further directed to appear and show cause why he should not be permanently prohibited from the further exercise of jurisdiction in said cause. On September 18, 1933, the respondent filed a demurrer to relators' petition alleging therein: (1) that said petition does not state facts sufficient to constitute a cause of action against respondent or against Judge Daniel E. Bird; (2) that said petition does not state facts sufficient to constitute a cause of action in prohibition in favor of the relators and against Judge Daniel E. Bird; (3) that such petition does not state facts sufficient for the relief prayed for in relators' petition. Later, on February 14, 1934, in vacation, respondent filed a motion to dismiss relators' application for the writ to be made permanent, suggesting that the questions involved in said application had become moot in that the plaintiff in the unlawful detainer suit in which respondent was sought to be prohibited from further exercise of jurisdiction was no longer asserting any right to the possession of the property involved in such suit since his rights had been cut out since the filing of the application for the writ by the sale of said property under a mortgage or deed of trust under which plaintiff claimed. The above stated facts, prior to the filing of the relators' petition, fully appear from such petition. Other facts shown therein will be noted if and as occasion may require.

## Opinion.

1. The respondent's return to the relators' petition being a demurrer thereto, the facts of the case are as stated in such petition. [State ex rel. Bowling Green Trust Co. et al. v. Barnett, 245 Mo. 99, l. c. 114, 149 S. W. 311.]

2. It is well settled that an action of unlawful detainer is a special statutory action summary in nature in derogation of common law, and the statute must be strictly pursued. The statute conferring jurisdiction must be strictly pursued in the method of procedure provided by it, or jurisdiction will fail to attach and the proceedings had will be *coram non judice* and void. [State ex rel. Kelly et al. v. Trimble et al., 297 Mo. 104.]

The law applicable to actions for forcible entry and detainer constitutes a special and preclusive code; and, unless its mandatory requirements be rigidly complied with in the justice court, the circuit court to which the cause is removed by *certiorari* or appeal acquires no jurisdiction. [Purcell v. Merrick, 172 Mo. App. 412, l. c. 417-418, 158 S. W. 478; State ex rel. Kelly et al. v. Trimble et al., supra.]

There are no presumptions to be indulged in favor of the record. It must appear that the statutory provisions were strictly pursued,

and the facts giving jurisdiction must appear affirmatively on the face of the record. Otherwise, the proceedings will be not merely voidable but absolutely void and *coram non judice*. The appellate courts are equally governed by these rules with the courts of original jurisdiction. [26 C. J., page 843, notes 56, 57, 58; Purcell v. Merrick, supra; Ellsworth v. Wilhelm (Mo. App.), 186 S. W. 1128.]

3. Tested by these rules, it must be held in this case that the complaint filed before M. H. Joyce, justice of the peace, was fatally defective and insufficient to confer any jurisdiction over the subject-matter of the cause upon him and that not he nor Casimer J. Welch, the justice to whom the same was transferred, nor the circuit court of Jackson County—to which, from the judgment of the last mentioned justice, it was appealed—acquired any jurisdiction to act in the cause and that the respondent, as judge of the circuit court of Jackson County, acquired no jurisdiction to act therein.

While ordinarily a justice of the peace has jurisdiction under the statute to entertain an unlawful detainer suit for any lands lying in his county, yet justices of the peace in townships having a population of 200,000 and less than 400,000 are limited as to jurisdiction in such actions to lands lying within their respective townships. [Section 2374, R. S. 1929.] This section, together with the provisions of Section 2375, Revised Statutes 1929, operates as a repeal of Section 2449 which gives jurisdiction over any lands in the county so far as said section relates to the jurisdiction of justices of the peace in townships of the population aforesaid are concerned. [Ellsworth v. Wilhelm, supra.]

4. Kaw Township, Jackson County being a township containing between 200,000 and 400,000 and the justice M. H. Joyce being a justice of the peace of said township having no jurisdiction in unlawful detainer cases except where the land involved lies within Kaw Township, it follows that it was necessary that the complaint allege that the lands involved in this particular case were situated in Kaw Township in order that such jurisdictional matter might affirmatively appear. This, the complaint fails to do. It is therefore fatally defective, as above stated; and no jurisdiction to act upon it was required by said justice. Such a defect is not to be remedied by amendment. [Purcell v. Merrick, supra.]

5. It is unnecessary to enter into a discussion of other grounds assigned for the insufficiency of the complaint or other assignments of insufficiency in the proceedings appearing, upon the face of the record, to confer or maintain jurisdiction or into a discussion of other matters set up in the petition as grounds for the issuance of the writ sought. The failure of the complaint in the particular observed—to charge that the lands sought to be described therein were situated and lie within Kaw Township—rendered all proceedings in said cause,

although otherwise regular, as to which we do not determine, *coram non judice* and void.

We are not favored with a brief by respondent and are not therefore advised as to his views, further than reflected by his demurrer filed and his suggestion that the cause has become moot; and it has become unnecessary for this court to proceed further in the matter. That such cause has become moot is denied by relators who insist that the cause be fully heard and a permanent writ ordered. The facts by reason of which the cause may have become moot since the issuance of the preliminary writ do not appear in the record, other than that, in respondent's suggestions, it is stated, in substance, that the rights of the plaintiff in the unlawful detainer suit to the lands involved in such suit have been cut out by the sale of said lands under a mortgage or deed of trust prior in right to the deed of trust under which plaintiff derived his claims and that such plaintiff is no longer asserting any right to such lands or to their possession. This, of course, does not prove itself. There is no evidence before us of such facts, and they are not admitted. Such plaintiff is not, of course, a party to the record in this cause although, perhaps, a live party in interest. However that may be, he doubtless is not bound by the suggestions of respondent herein; and, even if so, still we are of the opinion that we would not be justified in considering the cause as moot and disposing of it upon that theory. There are other matters set out in the petition that might depend upon the disposition hereof, and there is also the matter of costs.

We are of the opinion, upon the record herein, that relators are entitled to a permanent writ of prohibition prohibiting the exercise of jurisdiction in said cause of unlawful detainer by respondent as judge of the circuit court of Jackson County, including his act in dismissing relators' appeal and that such act of dismissal, having been made without jurisdiction, should be held for naught. It is accordingly ordered that a parmanent writ of prohibition issue in accordance with the view expressed. Writ for permanent writ of prohibition is ordered. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. Permanent writ of prohibition is allowed. All concur.