STATE OF MISSOURI at the Relation of O. H. MOBERLY, Commissioner of Finance, Relator, v. NIKE SEVIER, Judge of the Circuit Court of Cole County.—88 S. W. (2d) 154.

Court en Banc, November 20, 1935.

*Roy McKittrick,* Attorney General, *James L. HornBostel* and *Covell R. Hewitt,* Assistant Attorneys General, for relator.

*J. C. Dorian* and *H. P. Lauf* for respondent.

TIPTON, J.—This is an original proceeding brought by the relator, as Commissioner of Finance of the State of Missouri, against the respondent to prohibit him from exercising jurisdiction in a certain action brought by the Security Bank of Edina, a corporation, against the relator, as Commissioner of Finance of this State and Hal Woodside, as supervising examiner of and for Federal Deposit Insurance Corporation, wherein it is sought to prevent the defendants in that suit from interfering in the reorganization of the plaintiff bank and to require the relator to return the assets of that bank to it and restrain the relator from proceeding with the liquidation of plaintiff bank.

To our preliminary rule, respondent made a return; to which return the relator filed a motion for a judgment on the pleadings.

Briefly, the facts are as follows. The Security Bank of Edina is a banking corporation located at Edina, Knox County, Missouri, and was prior to January 14, 1935, engaged in the general banking business at that city, and had been operating as a restricted bank since March 14, 1933; that on January 14, 1935, the relator took possession of the business affairs, property and assets of the plaintiff bank. The petition for our writ states that relator took such possession under the provisions of Article I, Chapter 34, Revised Statutes of Missouri, 1929, and particularily under Section 5316 of that article and chapter, for the purpose of liquidating the bank according to law; that relator upon taking possession of assets of the bank caused an inventory to be made, appointed a deputy commission of finance and placed him in charge of the bank for the purpose of liquidation, and that the deputy prepared an inventory to be filed with the Recorder of Deeds of Knox County, Missouri, and was proceeding with the liquidation of that bank.

The respondent's return admits that relator, as Finance Commissioner, took charge of the bank on January 14, 1935, and was proceeding to liquidate the bank, but states that he has no knowledge whether or not relator took possession under the provisions of Article I, Chapter 34, supra, and has no knowledge whether he caused an inventory to be made or prepared one to be filed with the Recorder of Deeds.

On January 19, 1935, the respondent, as judge of the Circuit Court of Cole County, on the verified petition of the plaintiff, issued a temporary writ of injunction, without notice, to the relator, restraining and enjoining him from proceeding with the liquidation of the plaintiff bank. He was ordered to show cause, if any, on February 4, 1935, why the temporary injunction should not be made permanent. Without notice, on January 22, 1935, the respondent by another order, effective immediately, ordered that all of the assets, accounts, books and records of the plaintiff bank, the possession of the premises on which the bank is located, the keys and latches of the bank be turned over to the officers of the bank, and that the bank be permitted to operate as it was operating prior to the time the relator closed it.

From the above statement of facts it is to be noticed that the respondent's return admits that the relator took over the plaintiff bank for the purpose of liquidating the bank. The relator's petition alleges that the relator took over the plaintiff bank to liquidate the same pursuant to the provisions of Article I, Chapter 34, supra, and alleged facts showing this to be true. The respondent's return does not deny these facts specifically or generally, but does say he has no knowledge of such facts.

"This does not tender an issue on such facts; they thus stand admitted under Section 776, Revised Statutes 1929, which requires that an answer shall contain either a general or specific denial of the facts stated in the petition as a denial of 'any knowledge or information thereof sufficient to form a belief.' To say that the respondent has no knowledge of the facts alleged, does not meet the requirements of that statute. [Watson v. Hawkins, 60 Mo. l. c. 550; Revely v. Skinner, 33 Mo. l. c. 100; State ex rel. v. Gilbert, 163 Mo. App. l. c. 683, 147 S. W. 505; Snyder v. Free, 114 Mo. l. c. 367, 21 S. W. 847; State ex rel. v. Shelton, 238 Mo. l. c. 286, 142 S. W. 147.]" [State ex rel. Townsend v. Mueller, 330 Mo. 641, 51 S. W. (2d) 8, l. c. 10.]

We must therefore treat as true the facts showing that the relator when he took possession of the plaintiff bank did so pursuant to the provisions of Article I, Chapter 34, supra.

Respondent contends that as judge of the Circuit Court of Cole County, he is invested with general original jurisdiction of suits in equity and has all the powers inherent in an English Court of Chancery. Respondent cites the case of State ex rel. v. Deering, 180 Mo. 53, 79 S. W. 454. We do not disagree with the rule of law therein announced. But we do believe the Legislature has the right to fix the venue in equity cases. That is what the Legislature has done in cases where a bank is being liquidated, as we will later discuss.

In the case pending before the respondent the record shows that the relator had been served with process, therefore the respondent

had jurisdiction over the person of the relator, and the respondent would have jurisdiction of the subject matter of the suit before him unless Article I, Chapter 34, supra, deprives him of that jurisdiction. We believe that Sections 5316, 5319 and 5321 of that article and chapter provide a complete and exclusive scheme for liquidation of banks. Section 5316, supra, states under what conditions the relator as commissioner may take possession of property banking corporations and private banks.

Section 5321, supra, is as follows:

"At any time within ten days after the commissioner has taken possession of the property and business of any such corporation or banker, *such corporation or banker may apply to the circuit court, or the judge thereof in vacation, in the judicial district in which the principal office of such corporation or banker is located,* for an order requiring the commissioner to show cause why he should not be enjoined from continuing such possession. The court or judge thereof in vacation, may, upon good cause shown, direct the commissioner to refrain from further proceedings and to surrender such possession." (Italics ours.)

The pertinent parts of Section 5319, supra, are as follows:

"When the commissioner shall have duly taken possession of such corporation or private banker, under any provision of this chapter, he may hold such possession until its affairs are finally liquidated by him, unless:

"2. The commissioner shall have been directed by order of court to surrender such possession, pursuant to the provisions of Section 5321."

We have on several occasions held that the statutes relative to the Department of Finance and to banking institutions were designed to and do provide a complete and exclusive scheme for liquidation of insolvent banks and the distribution of their assets. [State ex rel. v. Fidelity & Deposit Co., 53 S. W. (2d) 1036; Bank of Oak Ridge v. Duncan, 328 Mo. 182, 40 S. W. (2d) 656; Commerce Trust Co. v. Farmers' Exchange Bank of Gallatin, 332 Mo. 979, 61 S. W. (2d) 928; Kirrane v. Boone, 334 Mo. 558, 66 S. W. (2d) 861.] "There is no doubt but that, so far as administering the assets of the failed bank is concerned, the collection of its assets, the payment of expenses, and the allowance and the payment of claims out of such assets, the jurisdiction of the commissioner *and the local circuit court is exclusive.*" (Italics ours.) [State ex rel. v. Fidelity & Deposit Co., supra.]

"The method provided for liquidating insolvent banks is by and through the Commissioner of Finance, as statutory receiver, under the supervision of the circuit court where the *bank is located.*" (Italics ours.) [Kirrane v. Boone, supra, l. c. 865.]

The respondent's return shows that relator took charge of the

plaintiff bank for the purpose of liquidating it. If he wrongfully took charge of it as alleged in the plaintiff's petition filed before respondent, then plaintiff bank should have brought itself within the terms of Section 5321, supra, and applied to the Circuit Court of Knox County; and if that court were in vacation, then to the judge of that court, to compel the relator to show cause why he should not be enjoined from continuing in possession of the plaintiff bank. The respondent is not the judge of the Circuit Court of Knox County, the county in which the plaintiff bank is located, and therefore did not have jurisdiction to issue the orders of January 19, 1935, and January 22, 1935.

Respondent contends that our writ should not issue because the relator had not filed a pleading attacking his jurisdiction of this cause. It is to be remembered that the order of January 19, 1935, to show cause on February 4, 1935, why the injunction should not be made permanent was issued without notice, as was the order of January 22, 1935, wherein the respondent, without notice, ordered the relator to turn over to the plaintiff bank its property. There is no suggestion that such motions would have been of any avail, on the contrary the respondent, in his brief, filed in this court, insists that his orders were proper.

We think this contention of the respondent has been fully answered in the case of State ex rel. Ross v. Sevier, 334 Mo. 977, l. c. 985, 69 S. W. (2d) 622, l. c. 666, wherein we said:

"Counsel for respondent suggest that relator's remedy was a motion to set aside the order and not a writ of prohibition. Our writ of prohibition is discretionary, and if there were anything in the circumstances suggesting that relator neglected to apply for relief that was reasonably available, the writ might well be withheld until such relief has been sought and refused. However, it here appears that the order in question was made without notice to this relator or opportunity to be heard prior to its issuance, and there is no suggestion that a motion to set aside the order would have been of any avail. In such case relator's failure to file such a motion is not a bar to his application for this writ. [State ex rel. McCaffery v. Aloe, 152 Mo. 466, 484, 54 S. W. 494, 47 L. R. A. 393.]"

For the reasons above stated, our provisional rule in prohibition is made absolute. All concur.