STATE OF MISSOURI, at the Relation of W. G. HENDERSON, Supervisor of the Department of Liquor Control, Relator, v. JOHN F. COOK, Judge of the Circuit Court of Jackson County, Missouri, Division No. 2.—No. 38948.—182 S. W. (2d) 292.

Court en Banc, September 5, 1944.

*Roy McKittrick,* Attorney General, and *Aubrey R. Hammett, Jr.,* Assistant Attorney General, for relator.

*Thomas J. Brown* and *Donald H. Latshaw* for respondent.

TIPTON, J.—This case comes to the writer on reassignment. It is an original proceeding in prohibition by which relator, Supervisor of the Department of Liquor Control of Missouri, seeks to prohibit respondent from proceeding to hear and determine an injunction action pending in his court styled, "State of Missouri ex rel. Vivian Bailey, doing business as Vicky's Skyhigh Tavern, plaintiff, vs. W. G. Henderson, Supervisor of Liquor Control of the State of Missouri, defendant." In that action, the respondent, without notice, issued a temporary restraining order prohibiting this relator from enforcing his orders suspending two intoxicating liquor licenses issued to the plaintiff herein at two taverns located in Kansas City, Missouri.

The facts are that on December 10, 1943, a hearing was had upon two citations issued by relator to plaintiff to inquire into the charges: first, that on November 18, 1943, she had intoxicating liquor stored off the premises covered by her license, without having first notified the relator that she had possession of intoxicating liquor which was not kept upon the premises covered by her permit; second, that she had purchased liquor from persons other than wholesale dealers licensed by the State of Missouri; and, third, that she had in her possession intoxicating liquor which did not have thereon excise stamps furnished by the relator. At this hearing, at which plaintiff appeared and pre-

sented witnesses, relator found her guilty and entered an order suspending her two intoxicating liquor licenses for sixty days, starting January 3, 1944.

In plaintiff's petition, she does not allege that she was not given a legal hearing before relator. In fact, relator complied with Sections 4889 and 4905 of R. S. (Mo.) 1939. This is not disputed, but her petition does allege relator "arbitrarily, capriciously, wilfully, wrongfully, and unlawfully issued" the orders of suspension of plaintiff's liquor licenses.

It is clear that plaintiff was attempting to contend that the relator decided the case wrong and that respondent should try the issue on the merits. The petition contained no allegations of fraud. Sections 4889 and 4905, supra, vest in the Supervisor, or relator, the exclusive power to revoke or suspend licenses. The decision of the Supervisor on the merits is final, and the Statute does not allow an appeal or writ of error. In discharging that function, he exercises a judicial discretion which cannot be controlled by injunction or mandamus. State ex rel. Renner v. Noel, Supervisor of Liquor Control, 346 Mo. 286, 140 S. W. (2d) 57. "Courts of Equity will not sit in review of proceedings of subordinate tribunals; and, where matters are left to the discretion of such bodies, the exercise of that discretion in good faith is conclusive, and will not, in the absence of fraud, be disturbed." State ex rel. and to Use of Bader, Excise Commissioner of City of St. Louis, v. Flynn, Judge, 159 S. W. (2d) 379.

We have already stated that the petition did not contain any allegations of fraud; therefore, no cause of action was stated, nor could one be stated by an amendment, except by an amendment of an allegation of fraud which would be a departure. Since the petition wholly failed to state a cause of action, the respondent was without jurisdiction when he issued the restraining order. Under such circumstances, prohibition will lie.

Respondent contends that our writ should not issue because relator had not filed a pleading in his court attacking his jurisdiction of this case. It is to be remembered that respondent on December 28, 1943, issued his restraining order without notice. There is no suggestion that such pleading would have been of any avail; on the contrary, respondent in his return denies that plaintiff's petition fails to state a cause of action. In such cases, relator's failure to file such a motion is not a bar to his application for this writ. State ex rel. Ross v. Sevier, 334 Mo. 977, 69 S. W. (2d) 662; State ex rel. Moberly v. Sevier, 337 Mo. 1174, 88 S. W. (2d) 154.

Respondent contends that these proceedings have become a moot question for the reason that the sixty-day suspension period had expired sixty days after January 3, 1944. Our preliminary writ was issued during this period, which prohibited ▮ the respondent from taking any further proceedings during the pendency of this case. We

think that it is not a moot case, for the reason that these parties have a right to a final determination of their rights. Moreover, the public will be affected by the proper enforcement of the liquor laws, and there is, also, a matter of costs. State ex rel. Brown et al. v. Bird, 73 S. W. (2d) 821.

If the plaintiff wanted to test the legality of the action of the relator in his orders of suspension, and not to review the evidence, his proper remedy would have been by certiorari. State ex rel. Spencer v. Anderson, 101 S. W. (2d) 530.

For the reasons above stated, our provisional rule in prohibition is made absolute. All concur.